**Mark A. OGBURN, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 48A02–8906–CR–00302.**

Court of Appeals of Indiana,
Third District.

Feb. 5, 1990.

consent for the agent to act. *Hope Lutheran Church* at 1247.

William Byer, Jr., Byer & Gaus, Anderson, for appellant.

Linley E. Pearson, Atty. Gen. and John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Appellant Mark A. Ogburn appeals the denial of a motion to correct error and a motion to correct an erroneous sentence. The facts indicate that on January 24, 1984, appellant was charged with five counts of burglary, Class C felonies. On May 21, 1984, appellant pled guilty to the burglary counts. On July 23, 1984, the trial court committed appellant for treatment of alcohol abuse. On September 17, 1984, the trial court found appellant in contempt for leaving the treatment hospital without permission. On February 25, 1985, the trial court sentenced appellant to six years on each count of burglary with the terms to run concurrently. On February 27, 1987, the trial court set aside the burglary convictions by granting appellant's post-conviction relief petition and appellant again pled guilty to the burglary counts.

On April 27, 1987, the trial court sentenced appellant to seven years. The trial court gave appellant two years and 209 days of credit for time served, suspended the remainder of the sentence and placed appellant on probation. On October 24, 1988, the trial court found that appellant violated probation and ordered his incarceration for a period of seven years.

Appellant contends that the trial court erred in admitting certain exhibits at the October 24, 1988 probation violation hearing. At the hearing, the trial court admitted into evidence a copy of a letter from the head of Lampco Credit Union share draft department notifying appellant that his share draft account was $260.00 overdrawn. The trial court admitted a copy of appellant's signature card for his Lampco Credit Union account.

■ Appellant argues it was error to admit the evidence because the copies were incomplete duplicates of the original document. *Wilson v. State* (1976), 169 Ind. App. 297, 304–305, 348 N.E.2d 90, 95, stated in part:

"[D]uplicates are admissible in evidence to the same extent as an original unless a genuine issue is raised as to the authenticity of the original, or under the circumstances existing it would be unfair to admit the duplicate as an original. By this latter qualification, we refer primarily to circumstances affecting the trustworthiness of the duplicate for the purpose for which it is offered. Such circumstances might occur where the dupli-

cate is not fully legible or where only a portion of the total original document is offered and the remainder would be useful for cross examination, or might qualify the portion offered, or otherwise be useful to the opposing party."

The missing information torn from the bottom of the letter read:

"This account was opened March 24, 1988 and was closed by the credit union on April 25th because of excessive overdrafts."

Testimony indicated that appellant's signature was the only one on the card. The card was introduced as an example of appellant's signature. The missing portion of the duplicates were not useful to appellant. The trial court properly admitted the duplicates into evidence at the probation hearing.

Appellant argues that the trial court erred in admitting photographs of appellant and 26 bad checks passed to Pay Less Super Markets.

■ A trial court has wide discretion in determining the admissibility of photographic evidence and its determination will not be disturbed absent a showing of abuse of discretion. Once it is established that a photograph is a true and accurate representation of that which it is intended to portray, its admissibility turns on the question of relevancy. *Games v. State* (1989), Ind., 535 N.E.2d 530, 540.

■ The director of loss prevention for Pay Less Super Markets testified that when a person cashes a check his picture is taken, a number is stamped on the check and a picture of the check and customer are kept on a Regiscope base. The photographs accurately depicted appellant and the checks later dishonored by Lampco Credit Union for insufficient funds. The trial court did not abuse its discretion in admitting the photographs into evidence.

■ Appellant contends the trial court erred in the following April 27, 1987 order which stated in part:

"The defendant's previous conviction having been set aside upon granting of his Petition for Post Conviction Relief and the defendant having entered a plea of guilty on February 27, 1987 to Counts I–V: Burglary, Class C Felonies, pursuant to a written plea agreement and the Court having taken the plea under advisement and having considered the presentence report now accepts the defendant's plea of guilty and the plea agreement as entered into by the parties. The defendant is sentenced to the Indiana Department of Correction for a period of seven (7) years. The Court increases the sentence by 2 years finding aggravating circumstances to [be] the number of burglaries committed by the defendant during said period...."

Ind. Post–Conviction Rule 1 § 10 applies to petitions filed after January 1, 1986 and states:

"(a) If prosecution is initiated against a petitioner who has successfully sought relief under this rule and a conviction is subsequently obtained, or

(b) If a sentence has been set aside pursuant to this rule and the successful petitioner is to be resentenced,

then the sentencing court shall not impose a more severe penalty than that originally imposed unless the court includes in the record of the sentencing hearing a statement of the court's reasons for selecting the sentence that it imposes which includes reliance upon identifiable conduct on the part of the petitioner that occurred after the imposition of the original sentence, and the court shall give credit for time served.

(c) The provisions of subsections (a) and (b) limiting the severity of the penalty do not apply when:

(1) a conviction, based upon a plea agreement, is set aside;

(2) the state files an offer to abide by the terms of the original plea agreement within twenty (20) days after the conviction is set aside; and

(3) the defendant fails to accept the terms of the original plea agreement within twenty (20) days after the state's offer to abide by the terms of the original plea agreement is filed."

On February 25, 1985, the trial court imposed the original sentence of six years. On February 26, 1987, appellant filed a petition for post-conviction relief. On February 27, 1987, the trial court granted the post-conviction relief petition. On April 27, 1987, the trial court resentenced appellant to seven years. The trial court erred by imposing a more severe sentence without including in the record a statement of identifiable conduct occurring after the imposition of the original sentence. The case is remanded in order to allow the trial court to correct the sentence.

Affirmed in part and reversed in part.

CHEZEM, P.J., and GARRARD, J., concur.