**Robert Lawrence HICKS, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 68S00–9812–CR–00846.

Supreme Court of Indiana.

May 30, 2000.

Lon D. Bryan, Bryan and Bryan, Muncie, Indiana, Attorney for Appellant.

Jeffery A. Modisett, Attorney General of Indiana, Kathryn Janeway, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant received a sentence of 60 years for murdering Nicole Koontz. The trial court indicated that the 60 years were comprised of a 50–year presumptive term and a ten-year enhancement. On Defendant's first direct appeal, this court remanded the case to the trial court for resentencing, finding that Defendant had been sentenced under the wrong statute. The trial court resentenced Defendant to 60 years, this time comprised of a 40–year presumptive sentence and a 20–year enhancement. Defendant appeals, claiming the increase in his sentence enhancement from ten to 20 years was improper. Our analysis finds the revised sentence to be proper.

We have jurisdiction over this direct appeal because the sentence exceeds 50

years. Ind. Const. art. VII, § 4; Ind. Appellate Rule 4(A)(7).

## Background

Defendant was convicted of Murder[1] and Feticide[2] for the July 1994, murder of Nicole Lynn Koontz and the 29–week–old fetus she was carrying. On February 13, 1996, Defendant was sentenced to a total of 60 years for the murder conviction, with four years suspended, and four years for the feticide conviction plus a four-year enhancement, with four years suspended. The trial court ordered Defendant to serve the feticide sentence consecutive to the murder sentence.

This Court affirmed Defendant's convictions on direct appeal, but remanded the case for resentencing on the murder conviction because the trial court applied the wrong sentencing statute. *See Hicks v. State*, 690 N.E.2d 215, 224 (Ind.1997). The trial court had indicated that the sentence was comprised of a presumptive 50–year term plus a ten-year enhancement. In fact, the legislature had provided that a 40–year presumptive term, subject to a 20–year enhancement, applied to murders occurring between July 1, 1994 and May 5, 1995.[3] We concluded that because the trial court had been careful and precise in weighing the aggravating and mitigating factors when rendering the sentence, there was reason to believe that its sentence might have been different had the 40–year presumptive sentence been applied. Accordingly, we remanded for new sentencing. *See id.*

On September 15, 1998, the trial court conducted a new sentencing hearing and sentenced Defendant under the proper statute to 60 years comprised of a pre-

1. Ind.Code § 35–42–1–1 (1993).

2. *Id.* at § 35–42–1–6.

3. The 1994 General Assembly twice amended Ind.Code § 35–50–2–3. *See* P.L. 164–1994 and P.L. 158–1994. Because the second amendment did not incorporate the presump-

tive sentence changes of the first amendment and both amendments became effective July 1, 1994, there was some confusion regarding the presumptive sentence for murders committed between July 1, 1994, and May 5, 1995. This Court resolved the problem in *Smith v. State*, 675 N.E.2d 693 (Ind.1996).

sumptive term of 40 years for murder plus a 20–year enhancement.

### Discussion

■ Defendant argues that the trial court erred when it resentenced him and increased the enhancement period of his original sentence from ten to 20 years. It is true that, upon resentencing a defendant, a sentencing court cannot "impose a more severe penalty than that originally imposed unless the court includes in the record of the sentencing hearing a statement of the court's reasons for selecting the sentence that it imposes which includes reliance upon identifiable conduct on the part of the petitioner that occurred after the imposition of the original sentence." Ind. Post–Conviction Rule 1(10)(b). But that is not what happened in this case.

■ Here, the resentencing court incorporated by reference the same aggravators and one mitigator recited by the trial court at the first sentencing hearing and agreed that the "aggravating circumstances substantially and totally outweigh[ed]" the mitigating circumstance. (R. at 35–36.) With more than adequate justification,[4] the court imposed upon Defendant the maximum enhancement and maximum 60–year sentence in both instances. The resentencing court did not impose a more severe penalty or sentence upon Defendant when it resentenced him; the term remained the same and the sentence does not violate P–C.R. 1(10)(b).

■ Defendant also supports his claim by citing to *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), a case holding that "whenever a judge imposes a *more severe* sentence upon a defendant after a *new trial*, the reasons for his doing so must affirmatively appear." *Id.* at 726, 89 S.Ct. 2072 (emphases added). This case is inapplicable to Defendant for three reasons. First, as we concluded *supra*, the resentencing court did not impose a more severe sentence upon Defendant. Second, the harm that the *Pearce* case seeks to prevent upon resentencing is not the imposition of greater sentences but the "vindictiveness of a sentencing judge" for a defendant's successful appeal of the court's holding. *Alabama*, 490 U.S. at 799, 109 S.Ct. 2201. Defendant does not present evidence to suggest that the court increased his enhancement period from ten to 20 years because he successfully appealed his original sentence.[5] Third, *Pearce* and the Indiana cases Defendant cites all involve situations where the defendant improperly received an increased total sentence upon retrial or plea negotiations after an original conviction was set aside due to the defendant's successful challenge of a guilty plea. *See Ogburn v. State*, 549 N.E.2d 389, 391–92 (Ind.Ct.App.1990) (original sentence of six years increased to

---

**4.** In general, the legislature has prescribed standard sentences for each crime, allowing the sentencing court limited discretion to enhance each sentence to reflect aggravating circumstances or reduce the sentence to reflect mitigating circumstances. When the trial court imposes a sentence other than the presumptive sentence, this Court will examine the record to insure that the court explained its reasons for selecting the sentence it imposed. *Archer v. State*, 689 N.E.2d 678, 683 (Ind.1997) (citing *Hammons v. State*, 493 N.E.2d 1250, 1254 (Ind.1986)), *reh'g denied*. The trial court's statement of reasons must include the following components: (1) identification of all significant aggravating and mitigating circumstances; (2) the specific facts and reasons that lead the court to find the

existence of each such circumstance; and (3) an articulation demonstrating that the mitigating and aggravating circumstances have been evaluated and balanced in determining the sentence. *Mitchem v. State*, 685 N.E.2d 671, 678 (Ind.1997) (citing *Jones v. State*, 675 N.E.2d 1084, 1086 (Ind.1996)).

**5.** There is no presumption of vindictiveness even in cases where the court increases a defendant's sentence over that of his or her original sentence. *See Alabama*, 490 U.S. at 799, 109 S.Ct. 2201. The defendant must affirmatively show a "reasonable likelihood" that his or her sentence was increased due to "actual vindictiveness" on the part of the sentencer. *Id.*

seven after the defendant was granted post-conviction relief, again pled guilty to the same crimes, and was resentenced); *Newville v. State*, 511 N.E.2d 1047, 1049 (1987) (original sentence of 40 years increased to 45 after retrial); *Ballard v. State*, 262 Ind. 482, 499–500, 318 N.E.2d 798, 809–10 (1974) (original sentence of two to five years increased to 10 to 25 years after retrial). In the present case, Defendant was not retried and he did not receive an increased sentence.

### Conclusion

We affirm the trial court's judgment.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ. concur.