**Zachary K. GOOTEE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 67A05–1006–CR–374.

Court of Appeals of Indiana.

Jan. 21, 2011.

Transfer Denied March 30, 2011.

Kimberly A. Jackson, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, James E. Porter, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

SHARPNACK, Senior Judge.

*STATEMENT OF THE CASE*

Zachary Gootee appeals the sentence imposed by the trial court upon resentenc-

ing for his convictions of four counts of forgery, all Class C felonies, Indiana Code section 35–43–5–2(b) (2006); three counts of fraud, all Class D felonies, Indiana Code section 35–43–5–4 (2005); one count of theft, a Class D felony, Indiana Code section 35–43–4–2 (1985); and a determination that he is a habitual offender, Indiana Code section 35–50–2–8 (2005).

We affirm.

## ISSUE

Gootee raises one issue: whether, upon resentencing Gootee, the trial court abused its discretion in sentencing him.

## FACTS AND PROCEDURAL HISTORY

The facts of this case, as set forth in this Court's opinion in Gootee's first appeal, are as follows:

> On Friday, December 1, 2006, at shortly after 2:00 p.m., Gootee came to Ruth Stanger's home in Putnam County, Indiana. Stanger was ninety-two (92) and legally blind. Gootee said that he had run out of gas and asked to use Stanger's phone. Stanger allowed Gootee to enter her home. At that time, Stanger's purse, which contained her debit card and a piece of paper with the card's Personal Identification Number, was visible from the kitchen telephone. Gootee tried to use the kitchen phone but stated that it did not appear to be working. At Gootee's request, Stanger retrieved a cordless phone from her bedroom. Gootee tried to use it, reported that it also appeared to be malfunctioning, and left.
>
> At 4:32 p.m. that same day, Gootee used Stanger's debit card to remove $202 from an Automatic Teller Machine ("ATM") at a Shell station in Greencastle, Putnam County. On December 2, 2006, at 12:14 and 12:15 a.m., Gootee returned to the ATM at the Shell station

and made two (2) withdrawals of $202 each using Stanger's card. On the same day, at 9:16 p.m., Gootee went to the Country Cork and Cap, a liquor store located in Bainbridge, Putnam County, and used Stanger's card to purchase a twelve-pack of beer for $10.00.

> Later that evening, around midnight, Gootee, his girlfriend, and their baby arrived at Richard Stedman's home on the west side of Indianapolis. Gootee stayed with Stedman for several days. On the morning of December 4, 2006, Gootee and Stedman went to a Meijer store on the west side of Indianapolis, in Marion County, and Gootee purchased a television set for $760.18 using Stanger's card.
>
> Later in the day on December 4, 2006, Stanger's bank noticed the withdrawals and charges on her debit card and contacted her about the account activity. At that time, Stanger realized her purse was missing and had the bank block the card from further use.
>
> The State charged Gootee with the crimes identified above for his theft and misuse of Stanger's debit card in Putnam County. A jury found Gootee guilty as charged. The trial court sentenced Gootee to serve ten (10) years for each class C felony conviction, to be served concurrent with one another, four (4) years for each Class D felony conviction, to be served concurrent with one another and consecutive to the Class C felony convictions, plus ten (10) years for the habitual offender determination, for a total sentence of twenty-four (24) years.

*Gootee v. State,* 923 N.E.2d 997 (Ind.Ct. App.2010):

In Gootee's first appeal, this Court held that the trial court improperly sentenced Gootee in excess of the statutory maximum

for both Class C and Class D felonies and improperly imposed a separate sentence for his status as a habitual offender. Specifically, the trial court sentenced Gootee to ten years on each of the Class C felonies in violation of Indiana Code section 35–50–2–6 (2005), which provides that eight years is the maximum term for a Class C felony. The trial court also sentenced him to four years on each of the Class D felonies in violation of Indiana Code section 35–50–2–7 (2005), which provides that three years is the maximum term for a Class D felony. On appeal, this Court remanded the case to the trial court for resentencing in accordance with the statutory limits and for specification as to which conviction the habitual offender enhancement applies. The trial court resentenced Gootee, and he now appeals from that sentence.

## DISCUSSION AND DECISION

In this appeal, Gootee contends that the trial court abused its discretion in resentencing him. Particularly, he argues that the trial court erred by imposing a harsher sentence and by imposing consecutive sentences.

Upon resentencing a defendant, a court cannot impose a more severe penalty than that originally imposed unless the court includes in the record of the sentencing hearing a statement of the court's reasons for selecting the sentence that it imposes which includes reliance upon identifiable conduct on the part of the petitioner that occurred after the imposition of the original sentence. *Hicks v. State,* 729 N.E.2d 144, 146 (Ind.2000); Ind. Post–Conviction Rule 1(10)(b).

Gootee was tried and convicted of the following:

Count I—forgery, Class C felony
Count II—forgery, Class C felony
Count III—forgery, Class C felony
Count IV—fraud, Class D felony
Count V—fraud, Class D felony
Count VI—fraud, Class D felony
Count VII—habitual offender
Count VIII—forgery, Class C felony
Count IX—theft, Class D felony.

Originally, he was sentenced to ten years each on Counts I, II, III and VIII, to be served concurrently to each other; four years each on Counts IV, V, VI, and IX, to be served concurrently to each other but consecutive to Counts I, II III, VII, and VIII; and ten years on Count VII, to be served consecutively to all other counts for an aggregate sentence of twenty-four years.

Upon resentencing, Gootee was sentenced to seven years on Counts I, II, III and VIII, and three years on Counts IV, V, VI and IX. Count I was enhanced by ten years in light of Gootee's status as a habitual offender. The court further ordered Counts IV, VIII, and IX to run concurrent to Count I; Count II to run consecutive to Count I; and Counts III, V, and VI to run concurrent to Count II and consecutive to Count I for an aggregate sentence of twenty-four years.

On resentencing, the trial court found applicable the same aggravating circumstances stated in Gootee's initial sentencing, brought Gootee's sentences within the applicable statutory maximums, and reworked the concurrent and consecutive scheme in order to arrive at the same aggregate sentence that it had imposed at Gootee's first sentencing. Gootee points out that had the trial court maintained the concurrent and consecutive scheme used for his initial sentence, his new sentence would be less than the twenty-four years imposed. Therefore, Gootee insists, the sentence after remand is a harsher sentence.

Basically, Gootee is claiming that he is entitled to the same concurrent/consecutive treatment under the new sentence that he had received under the original sentence; however, he cites no authority to support this argument. Absent changed circumstances, Gootee is only entitled to a sentence that is not harsher than the first. *See Hicks*, 729 N.E.2d at 146. Gootee's sentence upon remand is not harsher than his original sentence; rather, the sentence is the same. Although the trial court applied the concurrent/consecutive sentencing scheme in a different manner on resentencing, the net result was the same aggregate sentence Gootee had received at his initial sentencing. We find no error. *See, e.g., Flowers v. State*, 518 N.E.2d 1096, 1098 (Ind.1988) (finding no error where, in resentencing defendant, court applied sentencing statutes in different manner but reached same net result as in first sentencing).

■ Additionally, Gootee asserts that the trial court's imposition of consecutive sentences upon resentencing violates Indiana Code section 35–50–1–2(c) (2006). In general, a trial court cannot order consecutive sentences in the absence of express statutory authority. *Reed v. State*, 856 N.E.2d 1189, 1199 (Ind.2006). Indiana Code section 35–50–1–2(c) provides, in pertinent part:

> [E]xcept for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35–50–2–8 [habitual offenders] and IC 35–50–2–10 [habitual substance offenders], to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

Indiana Code section 35–50–1–2(b) defines the term "episode of criminal conduct" as "offenses or a connected series of offenses that are closely related in time, place, and circumstance." In making this determination, emphasis has been placed on the timing of the offenses and the simultaneous and contemporaneous nature, if any, of the crimes. *See Reed*, 856 N.E.2d at 1200. Additional guidance on whether multiple offenses constitute an episode of criminal conduct can be obtained by considering whether the conduct is so closely related in time, place, and circumstance that a complete account of one charge cannot be related without referring to details of the other charge. *Id.*

■ In the present case, the parties do not dispute that any of Gootee's crimes constitute crimes of violence. *See* Ind. Code § 35–50–1–2(a). Gootee does maintain that, pursuant to Indiana Code section 35–50–1–2(b) and (c), the current offenses constitute an episode of criminal conduct for which he cannot be sentenced to more than ten years, which is the advisory sentence for the next highest level of felony, a Class B felony. When added to the ten years for his adjudication as a habitual offender, he claims his sentence should not exceed a total of twenty years.

Gootee's charges involved in this appeal arise from his theft and subsequent use of Stanger's debit card. He initially used the card at the ATM at the Shell station at 4:32 p.m. on December 1, 2006 to obtain $202. He again used the card at the ATM at the Shell station at both 12:14 a.m. and 12:15 a.m. on December 2, 2006, each time obtaining $202. On that same day at 9:16 p.m., Gootee used Stanger's card to make a purchase at a liquor store.

Gootee's offenses did not constitute an episode of criminal conduct. Although the forgery-fraud incidents all occurred within a period of two days, and two of the inci-

dents occurred within minutes of each other at the same location, they were all, nevertheless, separate incidents. Indeed, each forgery-fraud can be recounted without referring to any of the other forgeries/frauds. *See, e.g., Williams v. State*, 891 N.E.2d 621, 631 (Ind.Ct.App.2008) (holding that defendant's offenses did not constitute episode of criminal conduct where two drug buys occurred within 24 hours of each other, at same location, and full payment for first buy was made during second buy); *see also Smith v. State*, 770 N.E.2d 290, 294 (Ind.2002) (determining that, where defendant stole checkbook from victims and deposited six checks at six different banks all in one afternoon and where each forgery could be described without referring to other forgeries, defendant's conduct did not constitute single episode of criminal conduct). We are satisfied that Gootee's conduct does not constitute a single episode of criminal conduct pursuant to Indiana Code section 35–50–1–2.

### CONCLUSION

Based upon the foregoing discussion and authorities, we conclude that the trial court did not abuse its discretion upon resentencing by imposing the same aggregate sentence and by imposing consecutive sentences.

Affirmed.

FRIEDLANDER, J., concurs.

BAKER, J., concurring with separate opinion.

BAKER, Judge, concurring.

I fully concur with majority's determination that the trial court did not abuse its discretion in resentencing Gootee. In other words, I agree that the trial court's imposition of the same aggregate sentence on remand is not harsher than the original sentence.

I write separately only to point out that Gootee's challenge to his sentence was limited to the trial court's alleged abuse of discretion. Gootee has not raised the issue as to whether his sentence was inappropriate under Indiana Appellate Rule 7(B).