**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JONATHAN M. YOUNG**
Newburgh, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MICKEY S. OWEN, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 87A01-1111-CR-562 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE WARRICK SUPERIOR COURT
The Honorable Keith A. Meier, Judge
Cause No. 87D01-1105-FD-229

**June 20, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

STATEMENT OF THE CASE

Appellant-Defendant, Mickey S. Owen (Owen), appeals his sentence following a guilty plea for two Counts of theft, Class D felonies, Ind. Code § 35-43-4-2(a).

We affirm.

ISSUES

Owen raises two issues on appeal, which we restate as:

(1) Whether the trial court abused its discretion by imposing consecutive sentences; and

(2) Whether the trial court properly sentenced Owen.

FACTS AND PROCEDURAL HISTORY

On May 9, 2011, Owen and others committed thefts of certain property in Lynnville Park in Warrick County, Indiana. The thefts occurred between 11 p.m. on May 9, 2011 and 4 a.m. May 10, 2011. Four separate victims reported property stolen from their campsites. The property consisted of a kayak and fishing gear from one victim; a refrigerator, camping equipment, and beer from another; and an outboard fishing motor, battery, gasoline, and fishing gear from two other victims.

On May 13, 2011, acting on a tip, a deputy from the Warrick County Sheriff's Department spotted Jeremy Alvey (Alvey), Michael Dyer Jr. (Dyer), and a third man with the kayak. Both Alvey and Dyer denied knowing that the kayak was stolen and said that Owen had been staying at Alvey's home since May 9, 2011. Following a search of

2

Alvey's residence, additional stolen items were located and both Alvey and Dyer were arrested. Alvey later confessed that Dyer and Owen had stolen the items, pawned some of the property, and used the proceeds at the casino. On May 14, 2011, Owen was arrested and later confessed that he had helped Dyer steal the property.

On May 16, 2011, the State filed an Information charging Owen with five Counts of theft, Class D felonies, I.C. § 35-43-4-2(a). On that same day, the State filed an additional Information charging Owen with Count VI, being a habitual offender, I.C. § 35-50-2-8(a). On October 21, 2011, Owen entered into a plea agreement with the State in which he agreed to plead guilty to Counts I and IV in exchange for the State's dismissal of Counts II, III, V, and VI. The plea agreement left Owen's sentence to the trial court's discretion.

On November 28, 2011, the trial court conducted a sentencing hearing. Owen argued that his crimes amounted to a single episode of criminal conduct and therefore his sentences should run concurrently. In response, the State pointed out that Owen's crimes were committed against different victims over the course of May 9 and May 10, 2011. The trial court sentenced Owen to thirty-four months for each Count, with the sentences to be served consecutively at the Department of Correction, for an aggregate sentence of sixty-eight months.

Owen now appeals. Additional facts will be provided as necessary.

<u>DISCUSSION AND DECISION</u>

I. *Consecutive Sentences*

3

Owen argues that the trial court abused its discretion by ordering him to serve consecutive sentences. The trial court has discretion to impose consecutive sentences and may do so after consideration of aggravating and mitigating circumstances. I.C. § 35-50-1-2(c); *Owens v. State*, 916 N.E.2d 913, 917 (Ind. Ct. App. 2009). The trial court must state its reasons and find at least one aggravating circumstance before imposing consecutive sentences. *Owens*, 916 N.E.2d at 917.

Here, Owen was convicted on two Counts of theft as Class D felonies, and received a thirty-four month sentence on each Count, with the sentences to run consecutively. A person who commits a Class D felony shall be imprisoned for a fixed term of between six months and three years, with the advisory sentence being one and one-half years. I.C. § 35-50-2-7. However, I.C. § 35-50-1-2(c) provides that:

> except for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under [I.C. §] 35-50-2-8 [habitual offenders] and [I.C. §] 35-50-2-10 [habitual substance offenders], to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

Owen claims that his aggregate sentence of sixty-eight months violates the final paragraph of I.C. § 35-50-1-2(c), which restricts the trial court's ability to impose consecutive sentences for crimes arising from the same criminal episode. *See Gootee v. State*, 942 N.E.2d 111, 114 (Ind. Ct. App. 2011), *trans. denied*. Owen argues that because his crimes constituted a single episode of criminal conduct, his aggregate

4

sentence may not exceed forty-eight months, the advisory sentence for a Class C felony. *See* I.C. § 35-50-2-6.

An "episode of criminal conduct" refers to "offenses or a connected series of offenses that are closely related in time, place, and circumstance." I.C. § 35-50-1-2(b). To determine whether multiple crimes constitute an episode of criminal conduct, emphasis has been placed on the timing of the offenses and the simultaneous and contemporaneous nature, if any, of the crimes. *Gootee*, 942 N.E.2d at 114. Also relevant is whether the conduct is so closely related in time, place, and circumstance that a complete account of one charge cannot be related without referring to details of the other charge. *See id.*

At the sentencing hearing, the trial court declined to find that Owen's thefts constituted a single episode of criminal conduct. Specifically, the trial court noted:

> [Y]ou've got two victims[.] The probable cause affidavit indicated that the offenses occurred between the hours of 11:00 p.m. on May the 9th and 4:00 a.m. on May the 10th, so it was during that five hour time span there. In [first victim's case], the items that were stolen were taken from his campsite. In [the second victim's case], they were stolen from a boat. As I understand the case law that ha[s] dealt with this situation, this is not an episode of criminal conduct. These are two events, although they are closely related in time. They are not related in place, and they're not related in circumstance. And I think it's clear, you can account for one of these without reference to the other.

(Transcript p. 17).

We agree with the trial court that Owen's thefts do not constitute a single episode of criminal conduct. Although the crimes occurred over a period of five hours in Lynnville Park, it cannot be ignored that Owen stole different items from different

5

victims at different locations in and around the park. Further, Owen points to no evidence in the record to show that the thefts were simultaneous or contemporaneous. Instead, each theft was a crime in and of itself, for which there was no need to refer to the details of one to sustain the other. *See Reynolds v. State*, 657 N.E.2d 438, 440-41 (Ind. Ct. App. 1995). Thus, the trial court correctly found I.C. § 35-50-1-2(c) inapplicable to Owen. We conclude that the trial court did not abuse its discretion in imposing consecutive sentences for an aggregate sixty-eight month sentence.

## II. *Length of Sentence*

Owen next argues that the trial court abused its discretion by imposing a thirty-four month sentence for each theft. In particular, Owen asserts that had the trial court properly considered and weighed the factors, it would not have sentenced him so close to the maximum possible sentence. The maximum sentence for a Class D felony is three years or thirty-six months. I.C. § 35-50-2-7(a). Owen's sentence for each Count was two months short of the maximum possible sentence.

As Owen's sentences are each within the statutory range, they are subject to review only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*. Ways in which the trial court may abuse its discretion include: wholly failing to issue a sentencing statement; issuing a sentencing statement that bases a sentence on reasons

6

unsupported by the record, or that includes reasons that are improper as a matter of law. *Phelps v. State*, 914 N.E.2d 283, 290 (Ind. Ct. App. 2009).

Owen claims that the trial court either failed to consider certain mitigating facts presented at the sentencing hearing or failed to properly weigh such facts. When alleging that the trial court failed to identify or find a mitigating factor, a defendant must establish that mitigating evidence is both significant and clearly supported by the record. *Lavoie v. State*, 903 N.E.2d 135, 141 (Ind. Ct. App. 2009). However, "[i]f the trial court does not find the existence of a mitigating factor after it has been argued by counsel, the trial court is not obligated to explain why it has found that the factor does not exist." *Anglemyer*, 868 N.E.2d at 493. Further, the trial court does not have the obligation to weigh aggravating and mitigating factors against each other when imposing a sentence, and does not abuse its discretion by failing to properly weigh such factors. *Id.* at 491. Rather, once the trial court has entered a sentencing statement, which may or may not include the existence of aggravating and mitigating factors, it may then impose any sentence that is authorized by statute and permitted under the Indiana Constitution. *Id.*

Owen recites a number of mitigating factors, which he argues the trial court failed to properly consider. First, he argues that he claimed responsibility for his actions early on and cooperated with the Sheriff's Department. He notes that his thefts were minor and all items stolen, except for gasoline, were returned to their rightful owners. While incarcerated, Owen sought treatment for substance abuse issues and attempted to better

7

himself through a number of programs.  Finally, Owen emphasizes the importance of his guilty plea, which he notes saved both time and expense.

Our review of the record reveals that the trial court considered each of the factors advanced by Owen and reached a different conclusion.  The trial court discounted his cooperation with the Sheriff's Department based upon his early denials of culpability. Regarding his rehabilitation efforts and substance abuse treatment, the trial court noted that Owen's prior attempts at rehabilitation were without effect and insufficient to deter him from further crimes.  The trial court exhaustively reviewed Owen's criminal career, and found it significant that it encompassed some twenty-seven years, including nine felony convictions and fifteen misdemeanor convictions.  Thus, we cannot say that the trial court improperly weighed this factor.  Finally, while the trial court afforded some mitigating weight to Owen's guilty plea, this argument is insufficient.  Owen received a substantial benefit for his guilty plea by the State's dropping of three additional Class D felonies and the habitual offender charge.  As Owen already received a substantial benefit in exchange, his guilty plea is properly not considered as a significant mitigator.  *See Anglemyer*, 875 N.E.2d at 221.  We therefore affirm the trial court's imposition of Owen's sixty-eight month executed sentence.[1]

## CONCLUSION

---

[1]  Ind. Appellate Rule 7(B) enables appellate review of the appropriateness of a sentence authorized by statute.  However, because Owen makes no argument that his sentence is inappropriate under Rule 7(B), we do not discuss it.

Based on the foregoing, we conclude that the trial court did not abuse its discretion in sentencing Owen.

Affirmed.

NAJAM, J. and DARDEN, J. concur