**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JAMES A. SHOAF**
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DAROD A. WHEELER, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )    No.  03A01-1310-CR-462 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE BARTHOLOMEW CIRCUIT COURT
The Honorable Stephen R. Heimann, Judge
Cause No. 03C01-1007-FB-1494

**March 10, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Here, appellant-defendant Darod A. Wheeler's probation was revoked, and he was ordered to serve a portion of his suspended sentence in the Indiana Department of Correction (DOC). Wheeler's credit time was applied to the remaining portion of his suspended sentence. Wheeler appealed.

After a panel of this Court determined that Wheeler's credit time must be applied to the executed portion of his sentence and remanded the case back to the trial court to correct the abstract of judgment, the trial court increased the executed portion of Wheeler's sentence, stating that if it did not, Wheeler would not receive the treatment that he needs from the DOC. Now, less than seven months later, Wheeler is before this Court again.

While the intent of the trial court may have been to ensure that Wheeler received the treatment that he needs, it erred by increasing the executed portion of his sentence on remand. Accordingly, we vacate the order of the trial court and instruct the trial court to reinstate the original sentencing order and modify it by applying the credit time that Wheeler has earned to the executed portion of his sentence. We further instruct the trial court to expedite this matter, insofar as Wheeler should likely be released.

FACTS

On July 12, 2010, Wheeler was charged with two counts of class B felony dealing in cocaine. On January 21, 2011, the State amended the charging information, reducing both counts to class C felonies, and Wheeler pleaded guilty to the amended counts. On February 18, 2011, the trial court entered a judgment of conviction on both counts and

sentenced Wheeler to concurrent terms of five years on each count with all time suspended. Wheeler was ordered to serve a four-year term on probation and to a one-year placement with community corrections, which could include work release or home detention. Wheeler was given "71 actual days credit . . . toward the sentence of imprisonment for time spent in confinement as a result of these charges." Wheeler v. State, No. 03A01-1212-CR-545, memo op. at 2 (Ind. Ct. App. August 14, 2013).

On April 25, 2012, the State filed a petition to revoke probation, alleging that Wheeler had violated the terms of his probation by failing to: complete substance abuse treatment, maintain full-time employment, pay fees, complete twenty-four hours of community service during the weeks that he was not fully employed, and submit to three requested drug screens. Additionally, Wheeler had consumed alcoholic beverages and was arrested for public intoxication.

Following a hearing on July 23, 2012, the trial court determined that Wheeler had violated the terms of his probation. On November 13, 2012, the trial court held a hearing and ordered Wheeler to serve three years of his previously suspended sentence in the DOC and gave Wheeler credit for five days. The trial court's order further provided that the balance of Wheeler's credit time was to be applied towards "the balance of his sentence not imposed." Appellant's App. p. 93.

Wheeler filed a notice of appeal on December 10, 2012. On appeal, Wheeler argued that the trial court erred in failing to award credit time, namely, the seventy-one days from his original sentence, the five days served, and the good time credit for the

days he was placed on home detention, when it ordered him to serve a portion of his previously suspended sentence. The State declined to file a brief, but instead filed a motion to dismiss and remand, stating that it "agrees that [Wheeler] is entitled to credit time which he has earned, including the seventy-one days from his original sentence, the five days served, and the time which he served on home detention." Wheeler, memo op. at 4.

A panel of this Court determined that the trial court "should have determined the total number of years or days of the previously suspended sentence which it intended to impose as an executed sentence and then awarded Wheeler the credit time to which he is entitled." Id. at 6. The Court then specified that Wheeler's credit for time served consists of the seventy-one days of confinement before the February 28, 2011 sentencing order, the five days of confinement before the reinstatement of a portion of his previously suspended sentence, and good time credit for the period that Wheeler was placed on home detention. Id. at 6-7. The Court remanded the case to the trial court with instructions to calculate Wheeler's total credit time and to amend the abstract of judgment. Id. at 7.

On August 20, 2013, the trial court ordered Bartholomew County Community Corrections to provide written documentation showing Wheeler's credit days. On September 9, 2013, Wheeler filed a request to advance the hearing and a request for release, both of which were denied on September 11, 2013.

4

On October 10, 2013, the trial court held a hearing on this Court's instructions on remand. It amended the November 13, 2012 order and sentenced Wheeler to four years and four months in the DOC with seventy-one days credit he had received before his initial sentence, five days credit for time served before the reinstatement of his previous sentence, and 180 days good time credit for home detention. The trial court explained:

> I specifically ordered on November 13th of 2012, the Court recommends to the Indiana Department of Corrections [sic] the defendant be placed in a substance abuse program. Had I put you in there for three years and given you this . . . 71 days and the five days and the 180 days, you wouldn't have had sufficient time in the Indiana Department of Corrections to be placed into a substance abuse program. Okay.

Tr. p. 21.

Wheeler now appeals.

DISCUSSION AND DECISION

Wheeler argues that instead of following the specific instructions on remand from this Court, "the trial court viewed the Decision as an opportunity to re-sentence the Wheeler [sic]." Appellant's Br. p. 12. More particularly, Wheeler maintains that the "instruction from the Court of Appeals was to calculate credit days and amend Abstract of Judgment – not re-sentence." Id.

This Court has stated that "[u]pon resentencing a defendant, a court cannot impose a more severe penalty than that originally imposed unless the court includes in the record of the sentencing hearing a statement of the court's reasons for selecting the sentence that it imposes . . . ." Gootee v. State, 942 N.E.2d 111, 113 (Ind. Ct. App. 2011). In this case,

5

the trial court was not instructed to resentence, but rather, to correct its previous sentencing order. Accordingly, it was without authority to resentence Wheeler, and it was certainly without authority to impose a harsher penalty by increasing Wheeler's executed time in the DOC from three years to four years and four months.

Nevertheless, the State maintains that the trial court did not impose a harsher penalty. Instead, according to the State, the trial court did exactly as instructed by this Court by calculating the total number of executed years that it intended to impose, indicated that the number was four years and four months, and then awarded Wheeler his credit time.

Here, the November 13, 2012 order states that Wheeler is "to serve three (3) years of the balance of sentence in the Indiana Department of Corrections." Appellant's App. p. 93. Furthermore, the abstract of judgment reflects credit time of seventy-one days, five days, and 180 days, as discussed throughout this opinion. Id. at 57. Finally, while the trial court may have intended that Wheeler spend more time in the DOC for treatment purposes, this Court's August 14, 2013 Memorandum Decision is the law of this case, and it instructed the trial court to calculate the credit time to which Wheeler was entitled and amend the abstract of judgment. Memo op. at 7; see also Ind. Appellate Rule 65(D) (providing that a "memorandum decision shall not be regarded as precedent and shall not be cited to any court except by the parties to the case to establish res judicata, collateral estoppel, or law of the case"). That is all that decision instructed the trial court to do.

6

The judgment of the trial court is vacated and remanded with instructions to the trial court to reinstate the November 13, 2012 sentencing order and modify it with the appropriate credit time. We further instruct the trial court to expedite this cause as Wheeler should likely be released.

NAJAM, J., and CRONE, J., concur.