**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 09 2014, 9:14 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**HUGH N. TAYLOR**
Hugh N. Taylor, P.C.
Auburn, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BAGEERA TAYLOR, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 76A04-1307-CR-328 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE STEUBEN CIRCUIT COURT
The Honorable Allen N. Wheat, Judge
Cause No. 76C01-1206-FD-573

**June 9, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

Appellant-Defendant Bageera Taylor, Jr. was charged with and convicted of Class D felony strangulation and Class D felony residential entry after he entered the apartment of C.R., grabbed C.R. by the throat, and strangled C.R. Following a sentencing hearing, the trial court sentenced Taylor to an aggregate term of six years with four years executed in the Department of Correction ("DOC") and two years suspended. On appeal, Taylor contends that the trial court abused its discretion in sentencing him because his actions constituted a single episode of criminal conduct. Appellee-Plaintiff the State of Indiana (the "State") acknowledges Taylor's claim that his actions constituted a single episode of criminal conduct may have merit. However, the State argues that the matter should be remanded to the trial court for a determination on whether Taylor's actions constituted a single episode of criminal conduct in light of Taylor's failure to raise the issue at sentencing. Because we find the arguments raised by the State on appeal to be persuasive, we remand the instant matter to the trial court for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

At approximately 2:00 a.m. on June 21, 2012, C.R. was lying in bed when she opened her eyes and saw a man that she did not know in her bedroom. The man, who was subsequently identified as Taylor, grabbed C.R. by the throat and strangled her before she could scream. Taylor eventually released C.R.'s neck and ran out of her bedroom. Soon thereafter, C.R. and her sister, R.R., found Taylor crouched in their kitchen. Taylor then ran out of the backdoor of the apartment. C.R. was subsequently transported to the hospital

2

where she was examined and treated for injuries to her neck.

The next day, after returning home from the hospital, C.R. saw Taylor and recognized him as the man who had strangled her. When Taylor saw C.R., he attempted to cover his face and quickly entered another apartment that was located in the same apartment complex where C.R. lived. R.R.'s boyfriend contacted 911. Upon arriving at the apartment complex, police officers surrounded the apartment which Taylor had entered. Taylor eventually emerged from the apartment and was arrested.

On June 22, 2012, the State charged Taylor with Class D felony strangulation, Class D felony residential entry, and Class A misdemeanor battery resulting in bodily injury. The State subsequently dismissed the Class A misdemeanor battery charge. Following a jury trial, Taylor was convicted of Class D felony strangulation and Class D felony residential entry. On May 20, 2013, the trial court sentenced Taylor to an aggregate term of six years with four years executed in the DOC and two years suspended. This appeal follows.

## DISCUSSION AND DECISION

Taylor contends that the trial court abused its discretion in sentencing him because his actions constituted a single episode of criminal conduct and, as a result, his aggregate sentence could not exceed four years. Indiana Code section 35-50-1-2(c) provides that "except for crimes of violence, the total consecutive terms of imprisonment … to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted." An "'episode

of criminal conduct' means offenses or a connected series of offenses that are closely related in time, place, and circumstance." Ind. Code § 35-50-1-2(b). Further, "any period of a suspended sentence must be included when calculating the maximum aggregate sentence under Indiana Code [section] 35-50-1-2(c)." *Mask v. State*, 829 N.E.2d 932, 936 (Ind. 2005).

In the instant matter, the highest level of felony for which Taylor was convicted is Class D felony. The advisory sentence for a Class C felony, the class of felony that is one class higher than a Class D felony, is four years. *See* Ind. Code § 35-50-2-6. Thus, if Taylor's convictions constituted a single episode of criminal conduct, his aggregate sentence, included the suspended portion, may not exceed four years.

Taylor acknowledges on appeal that he did not argue that his actions constituted a single episode of criminal conduct during the sentencing hearing conducted by the trial court. The State concedes that Taylor's contention that his actions constituted a single episode of criminal conduct likely has merit, but argues that, because Taylor failed to raise this contention below, the proper procedure is to remand the instant matter to the trial court for further proceedings during which the trial court should consider any possible statutory sentence limitations. We agree.

In *Wells v. State*, 441 N.E.2d 458, 463 (Ind. 1982), the Indiana Supreme Court held that "[e]rror can only be predicated on questions presented to and ruled upon by the trial court." Thus, because Taylor did not argue that his actions constituted a single episode of criminal conduct that would effectively limit his aggregate sentence to no more than four years during sentencing, we conclude that the proper course of action is to remand the instant

4

matter to the trial court to allow the trial court the opportunity to examine Taylor's claim that pursuant to Indiana code section 35-50-1-2(c), his aggregate sentence may not exceed four years. Accordingly, we reverse Taylor's sentence and remand to the trial court for further proceedings consistent with this memorandum decision.

The judgment of the trial court is reversed and remanded for further proceedings.

RILEY, J., concurs.

ROBB, J., dissents with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

BAGEERA TAYLOR, JR., )
)
 Appellant-Defendant, )
)
  vs. )  No. 76A04-1307-CR-328
)
STATE OF INDIANA, )
)
 Appellee-Plaintiff. )

**ROBB, Judge, dissenting**

The majority holds that because Taylor failed to raise to the trial court the issue of whether his actions constituted a single episode of criminal conduct, this case should be remanded for the trial court to make that determination and resentence Taylor if necessary. I respectfully dissent because I believe that we may consider the fully developed record and make the determination of whether Taylor's offenses constituted an episode of criminal conduct.

Generally, sentencing decisions lie within the discretion of the trial court and will be reversed only for an abuse of that discretion. Baysinger v. State, 854 N.E.2d 1211, 1214 (Ind. Ct. App. 2006), trans. denied. However, a trial court's sentencing authority is limited to that expressly granted by statute. Wilson v. State, 5 N.E.3d 759, 762 (Ind. 2014). Thus, although the trial court is authorized by Indiana Code section 35-50-1-2 to determine whether multiple sentences should be served concurrently or consecutively, it is also limited by that

6

statute in its authority to impose consecutive sentences if the convictions are not crimes of violence and the convictions "aris[e] out of an episode of criminal conduct . . . ." Ind. Code § 35-50-1-2(c). When a trial court uses its authority under this section to order a defendant to serve consecutive sentences, it inherently must do so within the limitations of that authority. Accordingly, Taylor did not need to raise the issue of whether his offenses were committed as part of an episode of criminal conduct at sentencing because the trial court was already aware of its obligation to consider the issue and had all the facts before it that were required to make that determination.[1] In other words, in ordering consecutive sentences totaling six years, the trial court implicitly determined that Taylor's crimes were not committed as part of a single episode of criminal conduct. I believe we can review whether the trial court abused its discretion in so determining.

There is no dispute that Taylor's crimes were not crimes of violence as defined by statute. See Ind. Code § 35-50-1-2(a); Brief of Appellee at 5. The question then is whether they were committed as part of a single episode of criminal conduct. An "episode of criminal conduct" means "offenses or a connected series of offenses that are closely related in time, place, and circumstance." Ind. Code § 35-50-1-2(b). In determining whether offenses are sufficiently related, we have emphasized the timing of the offenses and whether they were committed simultaneously or contemporaneously. Gootee v. State, 942 N.E.2d 111, 114 (Ind. Ct. App. 2011). We have also considered whether the conduct "is so closely related in

---

[1] I do not disagree with the general proposition stated by the majority on page 4 that there are questions that must first be presented to the trial court; however, Wells was concerned with an evidentiary

7

time, place, and circumstance that a complete account of one charge cannot be related without referring to the details of the other charge." Id. (citing Reed v. State, 856 N.E.2d 1096, 1098 (Ind. 2006)).  Here, Taylor knowingly or intentionally broke into and entered C.R.'s home in the early morning hours while C.R. was in bed, grabbed her by the throat, and strangled her.  The events were nearly simultaneous and relating the facts of the strangulation charge require relating the details of how Taylor came to be in her bedroom.  Therefore, Taylor's crimes constituted an episode of criminal conduct and the aggregate of his sentences for those crimes cannot exceed four years.  The trial court abused its discretion in sentencing Taylor to a greater term.  I agree with the majority that this case should be remanded to the trial court, but I would remand only with instructions that the trial court impose a sentence within the statutory limitations of Indiana Code section 35-50-1-2(c).

---

issue, not a statutory one, and I do not believe it supports that proposition in this particular circumstance.  See slip op. at 4.