## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 28 2018, 6:23 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Mark K. Leeman<br>Leeman Law Office and<br>Cass County Public Defender<br>Logansport, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Caryn N. Szyper<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Zackery Daniel Fairfield,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | March 28, 2018<br><br>Court of Appeals Case No.<br>09A02-1708-CR-1824<br><br>Appeal from the Cass Superior Court<br><br>The Honorable James K. Muehlhausen, Judge<br><br>Trial Court Cause No.<br>09D01-1312-FD-377 |

**Baker, Judge.**

[1] Zackery Fairfield appeals the six-year sentence he received after pleading guilty to Check Fraud,[1] a Class D Felony, and Theft,[2] a Class D Felony. Fairfield argues that the trial court imposed an illegal sentence when it ordered consecutive sentences for two non-violent Class D felonies. Finding that the sentence was not illegal, we affirm.

## Facts

[2] Beginning in October 2013, Fairfield wrote bad checks to Pizza Hut on fifteen different occasions. Each time, the food was delivered to the same address and was purchased with checks from the same account.

[3] On December 12, 2013, the State filed a sixteen-count information against Fairfield, charging him with one count of Class D felony check fraud and fifteen counts of Class D felony theft. On April 20, 2017, Fairfield pleaded guilty to one count of Class D felony check fraud and one count of Class D felony theft in exchange for the dismissal of the other charges and an agreement not to pursue an habitual offender enhancement.[3]

[4] Pursuant to the plea agreement, which left sentencing open to the trial court, on August 3, 2017, Fairfield was sentenced to three years incarceration on each

---

[1] Ind. Code § 35-43-5-12(b)(1)(A).

[2] I.C. § 35-43-4-2(a).

[3] The record reveals that the lengthy delay between the charges and the plea agreement was due in part to a continuance, multiple arrests and incarceration.

count. The trial court ordered that the sentences be served consecutively, for an aggregate sentence of six years. Fairfield was also ordered to pay restitution to Pizza Hut in the amount of $1,263.00. Fairfield now appeals.

# Discussion and Decision

[5] Fairfield's sole contention on appeal is that the trial court erred by imposing consecutive sentences for two Class D felonies, totaling six years of incarceration. He argues that the crimes constituted a single episode of criminal conduct and requires a sentence cap of four years. We disagree.

[6] At the time Fairfield committed his offenses, Indiana Code section 35-50-1-2 provided:

> [E]xcept for crimes of violence, the total of the consecutive terms of imprisonment . . . to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

Because theft and check fraud are not listed as "crimes of violence," Fairfield's crimes are subject to a statutory cap if they arise from a single episode of criminal conduct.

[7] Whether multiple offenses constitute a single episode of criminal conduct is a factually sensitive inquiry to be made by the trial court. *Schlichter v. State*, 779 N.E.2d 1155, 1157 (Ind. 2002). A single episode of criminal conduct means "offenses or a connected series of offenses that are closely related in time, place,

and circumstance." I.C. § 35-50-1-2(b). In conducting analysis, the focus is on the timing of the offenses and the simultaneous and contemporaneous nature of the crimes. *Reed v. State*, 856 N.E.2d 1189, 1200-01 (Ind. 2006).

[8] While Fairfield's crimes were similar in nature, they occurred over a period of approximately twenty days. Fairfield's theft conviction stems from the bad check he wrote to Pizza Hut on October 12, 2013, and the check fraud conviction is a result of the bad checks he wrote to Pizza Hut from November 1, 2013, through November 17, 2013. Although Pizza Hut was the sole victim, each episode involved a different amount of money, occurred on different days, and were separated by nearly one month. Fairfield's actions were not "simultaneous" or "contemporaneous" in nature and they constituted distinct episodes of criminal conduct. *See*, *e.g., Gootee v. State*, 942 N.E.2d 111, 114-115 (Ind. Ct. App. 2011) (holding that defendant's offenses did not constitute a single episode of criminal conduct where forgery-fraud incidents all occurred within a period of two days, at the same location, and involved the same victim).

[9] Because Fairfield's criminal conduct occurred at separate times and involved separate amounts of money, the crimes did not constitute a single episode of criminal conduct. Under these circumstances, we find that the trial court did not err by imposing consecutive sentences for two Class D felonies.

[10]    The judgment of the trial court is affirmed.

Riley, J., and Brown, J., concur.