ATTORNEY FOR APPELLANT
Mark K. Leeman
Logansport, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

**FILED**
Jun 14 2013, 9:30 am

**CLERK**
of the supreme court,
court of appeals and
tax court

No. 08S02-1306-CR-423

ROBERT BOWEN,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Carroll Circuit Court
No. 08C01-1007-FB-8
The Honorable Donald E. Currie, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 08A02-1206-CR-504

**June 14, 2013**

**Per Curiam.**

After a jury trial, Robert Bowen was convicted of several offenses (and sentenced to advisory terms) as follows: unlawful possession of a firearm by a serious violent felon (10 years), dealing in a controlled substance (4 years), possession of a controlled substance (1.5

years) and possession of marijuana (1 year). The trial court ordered the sentences to be served concurrently, except the 4-year sentence was ordered to be served consecutively, for a total executed term of 14 years.

The trial court did not state its reasons for imposing this sentence, either in writing or from the bench, and did not identify any reason for consecutive sentences. Noting that the pre-sentence investigation report disclosed an extensive criminal history and that the trial court had considered the report, the Court of Appeals inferred that Bowen's criminal history was the reason the trial court had imposed consecutive sentences. *See* Bowen v. State, No. 08A02-1206-CR-504 (Ind. Ct. App. Feb. 18, 2013) (mem. dec.).

Precedent requires that a trial court "include a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence," Anglemyer v. State, 868 N.E.2d 482, 490-91 (Ind. 2007), including the reasons for imposing consecutive sentences, *see, e.g.,* Ortiz v. State, 766 N.E.2d 370, 377 (Ind. 2002); Smith v. State, 474 N.E.2d 71, 73 (Ind. 1985); *see also* Ind. Code § 35-50-1-2. We choose to remand to the trial court for clarification of its sentencing decision and preparation of a new sentencing order. *See* Windhorst v. State, 868 N.E.2d 504, 507 (Ind. 2007), *reh'g denied*.

Accordingly, we grant transfer and remand this case to the trial court with instructions to issue an amended sentencing order that complies with the law, without a hearing. *See* Sanchez v. State, 938 N.E.2d 720, 723 (Ind. 2010). The decision of the Court of Appeals is summarily affirmed in all other respects. *See* App. R. 58(A). Subject only to the rules governing rehearing, this opinion concludes this appeal of the convictions and the original sentencing order.

Dickson, C.J., and Rucker, David, Massa, and Rush, JJ., concur.