**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARK LEEMAN**
Logansport, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT D. BOWEN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 08A02-1312-CR-1078 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CARROLL CIRCUIT COURT
The Honorable Benjamin Diener, Judge
Cause No. 08C01-1007-FB-8

**August 11, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Robert Bowen ("Bowen") appeals the trial court's order, on remand from the Indiana Supreme Court, resentencing him without a hearing. After this Court upheld his convictions and sentences, the Supreme Court granted transfer and remanded to the trial court with instructions to enter a new sentencing order stating the reason for Bowen's consecutive sentences. On Bowen's request for rehearing, the Supreme Court expanded its order, again giving the trial court the discretion to correct the sentencing order with or without a hearing. On appeal, Bowen argues that the trial court abused its discretion by choosing to resentence him without a hearing. Finding that the trial court complied with the Supreme Court's order on remand, we conclude that the trial court did not abuse its discretion in resentencing Bowen without a hearing.

We affirm.

## ISSUE

Whether the trial court abused its discretion in resentencing Bowen without a hearing.

## FACTS

A portion of the relevant procedural facts are stated in our Indiana Supreme Court's per curiam opinion in *Bowen v. State*, 988 N.E.2d 1134 (Ind. 2013):

> After a jury trial, Robert Bowen was convicted of several offenses (and sentenced to advisory terms) as follows: unlawful possession of a firearm by a serious violent felon (10 years), dealing in a controlled substance (4 years), possession of a controlled substance (1.5 years)[,] and possession of marijuana (1 year). The trial court ordered the sentences to be served concurrently, except the 4-year sentence was ordered to be served consecutively, for a total executed term of 14 years.

2

> The trial court did not state its reasons for imposing this sentence, either in writing or from the bench, and did not identify any reason for consecutive sentences. Noting that the presentence investigation report disclosed an extensive criminal history and that the trial court had considered the report, the Court of Appeals inferred that Bowen's criminal history was the reason the trial court imposed consecutive sentences.

The Supreme Court remanded the case to the trial court with instructions to amend Bowen's sentencing order by stating its reasons for consecutive sentences and to do so without a hearing. The Supreme Court affirmed Bowen's convictions and sentences in all other respects.

Bowen petitioned the Supreme Court for rehearing, arguing that the judge who originally sentenced him was no longer on the bench, and the current judge could not clarify the original sentencing order. The Supreme Court granted rehearing for the limited purpose of expanding its instructions on remand. Relying on *Taylor v. State*, 840 N.E.2d 324, 342 (Ind. 2006), the Supreme Court amended its remand order as follows:

> On remand for a new sentencing order that responds to concerns raised by the Supreme Court, the trial court may discharge this responsibility by (1) issuing a new sentencing order without taking any further action, (2) ordering additional briefing on the sentencing issue and then issuing a new order without holding a new sentencing hearing, or (3) ordering a new sentencing hearing at which additional factual submissions are either allowed or disallowed and then issuing a new order based on the presentation.

*Bowen v. State*, 1 N.E.3d 131 (Ind. 2013).

On November 25, 2013, Bowen filed a motion with the trial court requesting a modification of his sentence. In his motion, Bowen stated that of the three options listed in the Supreme Court's remand order, holding a hearing and allowing additional factual submissions was the most appropriate choice. On December 2, 2013, the trial court,

3

without a hearing, entered an order stating that consecutive sentences on Bowen's firearm and drug convictions were appropriate because of his criminal history and his recent violation of probation, parole, community corrections placement, or pretrial release. Bowen now appeals.

<u>DECISION</u>

Bowen argues that the trial court abused its discretion by not explaining its reason for resentencing without a hearing. Further, Bowen argues that the trial court erroneously failed to make a finding on the record that the judge who entered the original sentence was unavailable.

Absent a grant of authority by statute or rule, a trial court has no jurisdiction to change a sentence once it has been imposed. *Lane v. State*, 727 N.E.2d 454, 456 (Ind. Ct. App. 2000). When an appellate court has remanded a case to the trial court concerning a defendant's sentence, it is compelled to follow the remand order. *Id.* As a result, the only issue before us is whether the trial court complied with our Supreme Court's remand order.

Here, the Supreme Court ordered the trial court to amend the sentencing order and state its reasons for imposing consecutive sentences. It did so and was not required to select the method Bowen thought was best. Because the trial court complied with the Supreme Court's order on remand, we find no abuse of discretion.

Affirmed.

FRIEDLANDER, J., and MATHIAS, J., concur.