## COLLINS, TRUSTEE ET AL. *v.* SIEGEL ET AL.

[No. 26,968. Filed April 28, 1938. Rehearing denied May 24, 1938.]

*Willard B. Van Horne, Willard B. Van Horne, Jr.,* and *Winslow Van Horne,* for appellants.

*Allen P. Twyman,* and *Bomberger, Peters & Morthland,* for appellees.

SHAKE, J.—This is a second appeal of this case. The former opinion is entitled, *Christ v. Collins et al.* (1937), 211 Ind. 474, 6 N. E. (2d) 698.

The history of the litigation may be briefly summarized as follows: The present appellants obtained a judgment and a decree of foreclosure on a real estate mortgage against certain persons not parties to this appeal. A sheriff's sale was duly advertised, and the appellants and appellee Christ were the only bidders. Christ questioned appellants' right to bid, and the sheriff refused to deliver a certificate of purchase to either. Appellants thereupon applied to the court below for an order directing the sheriff to recognize their bid and to issue them a certificate. A hearing was had and the court found for the present appellants. An appeal was prosecuted to this court, which reversed the cause and issued its mandate that the trial court set aside the judgment and enter judgment for appellant (Christ). Thereupon, the court below did set aside the judgment and did enter judgment for Christ, with directions to the sheriff to issue him a

certificate of purchase, in accordance with the terms of his bid, "said certificate to bear date of said sale." In compliance with this order the sheriff did, on or after July 2, 1937, issue to Christ a certificate of purchase dated May 17, 1935, that being the date for which the sale had been advertised. Immediately thereafter a sheriff's deed was likewise issued and delivered to Christ.

The appellants, claiming the right to redeem from the sale to Christ, and feeling themselves aggrieved by that part of the lower court's order which directed that said certificate of purchase should bear the date of the sale, brought this proceeding to modify the judgment, so as to afford them an opportunity to exercise their redemption privileges. The motion to modify was denied, and this appeal follows.

The judgment of this court on the former appeal is, of course, *res judicata* as to the parties of record thereto, with respect to all matters in issue and determined therein. The vital part of that judgment is the mandate appended to the opinion, although we may look to the body of the opinion, if necessary, to ascertain the full intent, purpose and scope of the relief granted.

The sole question presented by this appeal is this: Was the trial court warranted in directing that the certificate to be issued to Christ should "bear date of said sale," in view of the directions given it by this court. "It is the duty of the lower court, on the remand of the cause, to comply with the mandate of the appellate court and to obey the directions therein, without variation." 4 C. J. 1221; 5 C. J. S. 1512. The former mandate of this court appears clear and unambiguous. It simply directed the court below to set aside the judgment appealed from and to enter judgment for Christ. It did not authorize any *nunc pro tunc* entry; it did not direct that Christ should be issued a past-dated

certificate. When an officer or a tribunal does a thing which he is directed to do, the record of the act done should bear the date of compliance, in the absence of specific directions otherwise. There is a presumption in law that an instrument was executed on the date that it bears. Bouvier's Law Dictionary (date). We think the action of the court below in directing a certificate to be issued to "bear date of said sale," was beyond the scope of the mandate of this court.

The rule which we have applied is not only sound, but it is in aid of the substantial rights of all the parties to this appeal. The right of redemption is a valuable one, recognized by statute and protected by principles of equity. It is not claimed that appellants were not entitled to redeem, but it is asserted that the period of redemption has expired by limitation. When, under the order of the court below, a past-dated certificate was issued to Christ, appellants' right of redemption was thereby completely cut off and denied them.

This is not a case where this court must concern itself with determining upon whom the loss should fall. Nothing is shown by the record to disclose that it would be inequitable to permit appellants to redeem from this sale, or that they should be estopped from doing so. If they do redeem, Christ will receive reimbursement for all moneys expended by him in the purchase of the real estate, together with interest thereon. Christ was charged with knowledge of the fact that this might occur when he bid.

To support the judgment of the court below, the appellee Christ calls attention to the fact that the appellee Collins on the former appeal, filed a petition for rehearing therein, in which he assigned that the opinion of this court was erroneous because it did not state the redemption rights of the parties, and he further asserts that said proposition was fully briefed. This

court denied the petition for a rehearing, and the appellee herein now asserts that this amounted to a determination by this court that the present appellant Collins had no right of redemption. We do not think this is a logical conclusion or a correct assumption. The petition for a rehearing may have been denied on many grounds and for many reasons other than those assumed by the appellee. If this court had intended to decide that there was no right of redemption, it would have so expressed itself in the original opinion, or in a supplemental opinion on rehearing.

Appellee contends that it was the positive duty of the sheriff, under §2-3909 Burns 1933, §622 Baldwin's 1934, to issue to Christ a certificate of purchase bearing date of May 17, 1935, when the sale was held; that the court's order, made after the former appeal, followed the statute, and there was consequently no error in that regard. It is true that a sheriff's certificate of purchase should bear date of the sale, but in this case there was no sale on May 17, 1935. We have before us the record in the first appeal and we find therein the stipulated evidence on the hearing, which resulted in the judgment from which that appeal was prosecuted. It discloses that the sheriff was a party to that proceeding and that he "was unable to determine which of said bids was a bona fide bid and the best bid offered, and refused to issue a certificate of purchase under such sale to either of such bidders." It must be concluded that there was no sale at the time referred to, for the reason that there was no acceptance of a bid. If there was no sale on May 17, 1935, it was quite beyond the power of the trial court on July 2, 1937, to adjudicate that a certificate of purchase bearing the former date should be issued by the sheriff.

It is also asserted that this appeal ought to be dismissed because the assignment of errors is attached to the back

of the record instead of the front. The first page of the record is an index of its contents. This clearly discloses where the assignment of errors may be found. Rule 5 of this court, adopted June 21, 1937, does require the assignment of errors to be attached to the "front of the transcript, following the index." This rule was made for the convenience of this court, to facilitate the consideration of cases. The record in this appeal is not voluminous, and we have not been seriously burdened by this technical failure to comply with the rule. The appeal will not be dismissed.

The judgment is reversed, with instructions to the trial court to set aside its judgment herein appealed from, and its judgment in this cause entered on January 28, 1936, and to enter judgment for the appellee Gust Christ. The trial court is further directed to include in the judgment to be entered a direction to the sheriff of Lake County, Indiana, to issue to said Gust Christ a certificate of purchase in accordance with the terms of his bid therefor, said certificate to bear the same date as the judgment to be entered by Lake Superior Court, Room 2, in conformity herewith.