**Fred LANDERS, Appellant–Petitioner,**

**v.**

**STATE of Indiana, Appellee.**

**No. 49A02–9103–PC–00116.**

Court of Appeals of Indiana,
Second District.

Sept. 17, 1991.

---

Susan K. Carpenter, Public Defender, Thomas C. Hinesley, Deputy Public Defender, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

This is an attempted appeal from a purported denial of a Post Conviction Relief Petition. The "Findings of Fact and Conclusions of Law" together with the accompanying denial of relief, dated November 13, 1990, are signed by W.T. Robinette as Judge of Marion Superior Court, Criminal Division Room Five. Record at 115–117.

The transcript of evidence taken at the hearing upon the Petition for Post Conviction Relief reflects that the case was heard on November 28, 1990,[1] by W.T. Robinette as Judge of the Superior Court of Marion County Criminal Division Five. Record at 124–125.

The certification of the entire record in the matter was made on March 11, 1991, by W.T. Robinette as Judge of Marion Superior Court Criminal Division Five. Record at 230.

We have searched the record and find no order appointing W.T. Robinette as Special Judge of Marion Criminal Division Five in this case nor appointing him as Judge Pro Tempore on the dates in question. We are aware, however, that the regular judge of the court on the two 1990 dates was Roy B. Jones and that the regular judge of the court on March 11, 1991, was and is now Gary L. Miller. It may be that on one or more of the dates here involved, W.T. Robinette was acting as Master Commissioner for that court.

In any event, we are unable to address the contentions presented by Landers in seeking appellate review of the denial of post-conviction relief because the record reveals that Mr. Robinette presided at the evidentiary hearing and purported to sign the order of denial as regular judge of the court. He did not submit proposed findings and conclusions for approval by the regular judge of the court nor did the regular judge in any other way adopt the purported order of denial entered by Mr. Robinette.

There has been no judgment entered in this case. The purported appeal is therefore premature and must be dismissed. *State ex rel. Smith v. Starke Circuit Court* (1981) 275 Ind. 483, 417 N.E.2d 1115; *Green v. State* (1989) 4th Dist. Ind.App., 540 N.E.2d 130, *reh. denied*, 544 N.E.2d 172, *trans. denied.*

On numerous recent occasions, this court has been compelled to dismiss appeals for failure of trial courts to recognize or adhere to the statutory law of Indiana with reference to the powers and duties of master commissioners, or to give precedential effect to binding decisions of the Indiana Supreme Court in this regard. The repeated disregard concerning use of master commissioners or other auxiliary personnel only serves to unduly penalize the adversary parties, i.e., the State and the defendant, from gaining appellate review of trial court proceedings.

This appeal is dismissed.

SHIELDS and GARRARD, JJ., concur.

---

1. This court is at a loss to understand how or why the determination predated the evidentiary hearing upon the Petition for Post Conviction Relief. We note, however, that the Findings themselves recite that the matter was heard on October 28, 1990. Although we are not at liberty to alter the official record of the proceedings, our decision in this matter is not based upon the chronological inconsistency.