David JORDAN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–9309–CR–00334.

Court of Appeals of Indiana, Fifth District.

March 31, 1994.

Ali Talib, Indianapolis, for appellant-defendant.

Pamela Carter, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

RUCKER, Judge.

Does a trial court have the authority to disregard a specific and unequivocal order of a reviewing court. We think not and therefore reverse.

This is the second time this case has come before us. On the first occasion, Jordan attempted to appeal his conviction for possession of a narcotic drug, a Class D felony and his determination as an habitual offender. We did not reach the merits of his case addressing instead the question of whether an appealable judgment had been entered where the record lacked a written order of the appointment of the special judge. The record showed the trial had been conducted before Craig O. Wellnitz of the Marion County Superior Court, Criminal Division No. 3. At various points in the record Mr. Wellnitz was identified as either a master commissioner, presiding judge, or special judge. In an unpublished memorandum opinion we determined that no valid judgment was entered because there was no evidence of a written order appointing Mr. Wellnitz as a special judge in the case. *Jordan v. State* (May 6, 1992), Ind.App., 49A04–9110–CR–326, *trans. denied.* Citing *Landers v. State* (1991), Ind. App., 577 N.E.2d 990, we acknowledged that in cases with similar facts this court has dismissed the appeal as premature. *Jordan,* slip op. at 3. We determined, however, that in this case "we believe a new trial is the appropriate remedy. Accordingly, we reverse and remand for a new trial because no judgment has been entered due to the trial court's failure to follow proper procedures. Reversed and remanded." *Id.* The opinion was handed down May 6, 1992.

A little more than one year later, on May 26, 1993, Jordan appeared before the regular judge of the Marion Superior Court Criminal Division Room No. 3. The trial judge acknowledged the order of this court, but relying on its interpretation of *Hill v. State* (1993), Ind.App., 611 N.E.2d 133 the court did not schedule a new trial. Rather, the trial judge entered the order of judgment, conducted a sentencing hearing, and resentenced Jordan to a term of sixteen and one-half years. Jordan now appeals raising three issues for our review. We address one dispositive issue which Jordan states as: Whether the presiding judge in the court below improperly and incorrectly entered judgment of conviction and sentenced the defendant contrary to the clear and unmistakable ruling of the Indiana Court of Appeals which ordered that the defendant be granted a new trial?

The law in this jurisdiction is well settled that a trial court does not have the authority to disregard the mandate of a reviewing court. As our supreme court noted:

When a judgment has been reviewed by an appellate court and the cause remanded, it is the duty of the lower court to comply with the mandate and to obey the directions therein without variation. *Collins v. Siegal* (1938), 214 Ind. 206, 209, 14 N.E.2d 582, 583. The lower court has no discretion in such a matter and if it is in doubt as to the meaning of the mandate it should look to the accompanying opinion of the reviewing tribunal. *Union Trust Co. v. Curtis* (1917), 186 Ind. 516, 116 N.E. 916.

*Town of Flora v. Indiana Serv. Corp.* (1944), 222 Ind. 253, 53 N.E.2d 161. If the trial court on remand refuses to comply with the order, in full or in part, intentionally or by mistake, the party aggrieved thereby may promptly seek a writ of mandate from the court issuing the order to enforce compliance with its terms. *Skendzel v. Marshall* (1975), 263 Ind. 337, 330 N.E.2d 747.

In *Hill,* the case on which the trial court relied in deciding to resentence Jordan, a majority of the second district of this court dismissed the defendant's purported appeal and ordered the defendant released from the custody of the Department of Corrections. We did so because the record revealed that the trial and sentencing were conducted by a person other than a duly qualified judge of the Marion Superior Court. Hence, there was no appealable judgment. However *Hill* has no application here. On numerous occasions before and after *Hill* this court has found it necessary to dismiss purported appeals taken from trial courts on facts similar to those present in this case. *See e.g., Landers v. State* (1991), Ind.App., 577 N.E.2d 990; *Rivera v. State* (1992), Ind.App., 601 N.E.2d 445; *Richardson v. State* (1992), Ind. App., 602 N.E.2d 178; *Cartwright v. State* (1993), Ind.App., 621 N.E.2d 1164. Indeed, in *Landers* we observed:

> On numerous recent occasions, this court has been compelled to dismiss appeals for failure of trial courts to recognize or adhere to the statutory law of Indiana with reference to the powers and duties of master commissioners, or to give precedential effect to binding decisions of the Indiana Supreme Court in this regard. The repeated disregard concerning use of master commissioners or other auxiliary personnel only serves to unduly penalize the adversary parties, i.e., the State and the defendant, from gaining appellate review of trial court proceedings.

577 N.E.2d at 991.

As the foregoing cases make clear, in some instances we have simply dismissed purported appeals as premature. In other instances we have not only dismissed a purported appeal, but also ordered the defendant released from the Department of Corrections and re-turned to the custody of the county jail. Our intent in those instances was to afford the trial court an opportunity to properly enter an appealable judgment. In this case, however, we decided not to dismiss the appeal, but rather to reverse the judgment and remand the cause with specific instructions to grant the defendant a new trial. The order of remand is clear, unequivocal and must be followed without variation. *See Town of Flora,* 222 Ind. at 258–59, 53 N.E.2d at 164.

Therefore, the judgment of the trial court is reversed and this cause is remanded for a new trial.

Reversed and remanded.

SHARPNACK, C.J., and BAKER, J., concur.