**Milton LANE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 42A01–9908–CR–271.**

Court of Appeals of Indiana.

April 17, 2000.

Susan K. Carpenter, Public Defender of Indiana, Lorraine L. Rodts, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellee.

Jeffrey A. Modisett, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellant.

1.  IND.CODE § 35-42-1-1.

**OPINION**

BAKER, Judge

Appellant-defendant Milton Lane appeals the trial court's order resentencing him upon remand to an enhanced sentence of fifty years. This case had been remanded because the trial court had erred initially in sentencing him to fifty years as the presumptive sentence for murder. Specifically, Lane argues that the trial court exceeded the scope of its authority by modifying his sentence, that the trial court's resentencing was a violation of due process, and that the trial court relied upon improper considerations to justify the ten-year enhancement.

*FACTS*

In November 1994, Lane and his cousin, Roger Coy, Jr. decided to rob their neighbor, Dal Wallace, an elderly man who lived in a one-room cabin and was known to carry large amounts of cash. On November 22, 1994, they found Wallace asleep in his cabin. Lane took Wallace's wallet. When Wallace stirred in his sleep, Coy stepped forward and shot him in the head, killing him.

Following a trial by jury which commenced on September 29, 1997, Lane was found guilty of murder.[1] On October 27, 1997, the trial court found that the aggravating and mitigating circumstances in the case offset each other and sentenced Lane to what the court believed to be the presumptive sentence for the crime of murder of fifty years' imprisonment. Lane appealed to this court and, in a memorandum decision of February 26, 1999, we determined that Lane had been erroneously sentenced to fifty years pursuant to the P.L. 164–94 version of I.C. § 35-50-2-3, which provides for a fifty-year presumptive sentence. *Lane v. State*, No. 42A05-9802-CR-51, *slip op.* at 5, 708 N.E.2d 935 (Ind.Ct.App., February 26, 1999). The relevant presumptive sentence was in fact

forty years under P.L. 158–94, which governs convictions for murders occurring between July 1, 1994 and May 5, 1995. *Jones v. State*, 675 N.E.2d 1084, 1086–87 (Ind.1996). We therefore ordered the trial court to resentence Lane under the P.L. 158–94 version of I.C. § 35–50–2–3. *Lane*, *slip op.* at 5. Upon remand, the trial court resentenced Lane on July 15, 1999, this time to an enhanced sentence of fifty years' imprisonment. R. at 23. From this sentence, Lane now appeals.

## DISCUSSION AND DECISION

We address only the first of Lane's arguments because we find it dispositive. Lane argues that the trial court possessed only the authority to correct that portion of his sentence in excess of the statutory presumptive sentence, as only that portion was void. Specifically, he maintains that the trial court has no authority to modify a presumptive sentence after a final judgment has been entered by re-evaluating the aggravating and mitigating factors.

■ We note initially that a judge cannot impose a sentence that does not conform to the mandate of the applicable statute(s). *Mitchell v. State*, 659 N.E.2d 112, 115 (Ind.1995). A sentence that is contrary to or violative of a penalty mandated by statute is illegal in the sense that it is without statutory authorization. *Rhodes v. State*, 698 N.E.2d 304, 307 (Ind. 1998). A sentence that exceeds statutory authority constitutes fundamental error.

*Id.* It is subject to correction at any time. *Niece v. State*, 456 N.E.2d 1081, 1084 (Ind. Ct.App.1983).

■ Trial courts have the power and duty to correct an erroneously imposed sentence. *Lockhart v. State*, 671 N.E.2d 893, 904 (Ind.Ct.App.1996). However, the power to correct extends only to the illegal portion of the sentence. *State ex rel. Public Service Comm'n v. Johnson Circuit Court*, 232 Ind. 501, 509, 112 N.E.2d 429, 432 n. 3 (1953) (the rule in criminal cases is that, if judgment is in part beyond the power of the court to render, it is void as to the excess). Upon remand, the trial court is compelled to follow the mandate of the remand order. *Jordan v. State*, 631 N.E.2d 537, 538 (Ind.Ct.App.1994).

■ We further note that a court has no jurisdiction to change a sentence after a judgment has issued. *Wilson v. State*, 688 N.E.2d 1293, 1295 (Ind.Ct.App.1997). After a final judgment, a court retains only such continuing jurisdiction to alter a sentence as is permitted by the judgment itself, or as is given the court by statute or rule; thus, other than the power to reduce or suspend a petitioner's sentence as provided by Ind.Code § 35–38–1–17,[2] a trial judge has no authority over a defendant after sentence has been imposed. *Beanblossom v. State*, 637 N.E.2d 1345, 1347–48 (Ind.Ct.App.1994), *trans. denied.* Otherwise stated, barring a statutory grant of authority, the trial court's judgment is *res judicata* even as to the trial court.[3]

**2.** I.C. § 35–38–1–17 permits a trial court to reduce or suspend a sentence after the defendant has begun to serve the sentence under prescribed circumstances not at issue here.

**3.** We note two cases which allow trial courts more latitude on remand, but both deal with adjusting the enhancement of an habitual offender adjudication, not the reweighing of aggravating and mitigating factors which occurred in this case. One such case is *Coble v. State*, 523 N.E.2d 228 (Ind.1988) in which our supreme court not only ordered a trial court on remand to eliminate an erroneous thirty-year habitual enhancement but also permitted it to change the basic sentence to which the habitual enhancement was tied. It affirmed

the trial court's change of the sentence from two to eight years, citing the principle that any sentence permissible under the statute is appropriate. However, the instructions on remand had been to re-sentence the defendant without imposing the enhancement and had explicitly permitted the trial court to consider an increase in the underlying sentence. *Coble v. State*, 500 N.E.2d 1221, 1223 n. 1 (Ind.1986) (allowed court the options on re-sentencing stated in *Williams v. State*, 494 N.E.2d 1001, 1004 (Ind.Ct.App.1986), which permitted an increase in the basic sentence after an enhancement was vacated). Furthermore, in *Greer v. State*, 680 N.E.2d 526 (Ind. 1997), after vacating one of two convictions,

In this instance, Lane's case was remanded to the trial court for a correction of the sentence. R. at 14A. Although the trial court might have originally imposed an enhanced sentence, it did not do so. *Lane, slip op.* at 5. Instead, the court imposed a presumptive sentence after finding that the aggravating and mitigating factors offset each other. R. at 9. By the time of re-sentencing, the court was without authority to reweigh aggravating and mitigating factors. *See Jordan,* 631 N.E.2d at 538. As a result, we conclude that the trial court erred in failing to follow the remand order and impose a forty-year sentence upon Lane. *Id.*

Judgment reversed and remanded with instructions to impose the presumptive sentence of forty years.

SULLIVAN, J., and KIRSCH, J., concur.

our supreme court allowed a trial court to tie an habitual enhancement to a remaining valid conviction. In contrast, this is a case of the trial court going outside the bounds of the remand to reweigh aggravating and mitigating factors when we had clearly ordered that it impose the proper presumptive sentence of forty years.