# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 16 2015, 7:38 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Randy M. Fisher<br>Fort Wayne, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Jonathan R. Sichtermann<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA



*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 16, 2015

Court of Appeals Case No.
02A05-1504-CR-155

Appeal from the Allen County
Superior Court

The Honorable Wendy W. Davis,
Judge

Trial Court Cause No.
02D04-1408-F6-119

**Bailey, Judge.**

# Case Summary

[1] ████████████████████████ appeals his conviction for Battery, as a Level 6 felony.[1] We affirm.

# Issues

[2] █████ presents two issues for our review, which we restate as:

    I.      Whether the victim's trial testimony was incredibly dubious; and

    II.    Whether █████ sentence of two years, all suspended to probation, exceeded the statutory cap of two and one-half years for a Level 6 felony.

# Facts and Procedural History

[3] In November 2013, █████ and K.H. began an intimate, sexual relationship. On August 8, 2014, █████ took K.H. and her two young daughters to dinner and grocery shopping. After they returned home and K.H. put the children to bed in their room, the couple got into a verbal argument. As the argument escalated, it became physical. While K.H. was sitting on the hallway floor crying, █████ kicked K.H. in the face. Then, in response to K.H.'s repeated requests that █████ leave, █████ placed his hands on K.H.'s face and

---

[1] Ind. Code § 35-42-2-1(d)(6).

covered her mouth. K.H. bit ████████ finger to make him stop. ████████ then left, and K.H. called the police.

[4] When police arrived on scene, K.H. was crying, rubbing her face, and complaining of pain. The children were awake in the living room. K.H. reported to police that, just before ██████ kicked her in the face, he placed his hands around her jaw while yelling and calling her a "stupid bitch." (Tr. 164.)[2] She also stated that, after kicking her, ██████ slammed her head against a wall and held her against a wall while squeezing her jaw with his hand. Police officers took pictures of K.H.'s swollen face and neck.

[5] The next day, K.H. went to the hospital to seek treatment for jaw and neck pain. K.H. reported to the triage nurse that she had been kicked in the face and choked by her boyfriend. When asked if she felt safe at home, K.H. said she felt safe now that her boyfriend was in jail. A nurse practitioner prescribed hydrocodone for the pain. A few days later, K.H. reported to Victim Assistance, where photographs of her face, neck, and arms were taken.

[6] On August 14, 2014, the State charged ██████ with Battery, as a Level 6 felony ("Count 1"), and Criminal Confinement, as a Level 6 felony[3] ("Count 2"). Following a jury trial held on March 3 and 4, 2015, ██████ was found guilty of Count 1 and not guilty of Count 2. The trial court entered judgment of

---

[2] ██████ does not challenge on appeal the trial court's admission of K.H.'s statements to police.

[3] I.C. § 35-42-3-3(a).

conviction accordingly. At a sentencing hearing held March 25, 2015, ███████ was sentenced to two years in the Indiana Department of Correction, all suspended to probation. The court also ordered as a condition of probation that ███████ wear an ankle monitoring bracelet for six months.

[7] ███████ now appeals his conviction and sentence.

# Discussion and Decision

## Sufficiency

[8] Our standard of review for sufficiency of the evidence claims is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence. *Id.* We will affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind. 2000)). "The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." *Id.* at 147 (quoting *Pickens v. State*, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001)).

[9] A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery. I.C. § 35-42-2-1(b). The offense is a Level 6 felony if the offense is committed against a family or household member and if the person who committed the offense is at least eighteen years of age and committed the offense in the physical presence of a child less than

sixteen years of age, knowing that the child was present and might be able to see or hear the offense. I.C. § 35-42-2-1(d)(6). An individual is a "family or household member" of another person if the individual is engaged in a sexual relationship with the other person. I.C. § 35-31.5-2-128(a)(3).

[10] The State charged that on or about August 8, 2014 ███████ who is at least eighteen (18) years of age, did knowingly or intentionally touch another person; to wit: [K.H.], who is a family or household member, in a rude, insolent or angry manner in the physical presence of a child less than sixteen (16) years of age, knowing that the child was present and might be able to see or hear the offense[.]" (App. 15.)

[11] In his brief, Fowlkes raises a particular sufficiency of the evidence claim: incredible dubiosity. Under the incredible dubiosity rule, the court may impinge upon the jury's assessment of witness credibility when the testimony at trial is so contradictory that the verdict reached would be inherently improbable. *Moore v. State*, 27 N.E.3d 749, 751 (Ind. 2015). "For the incredible dubiosity rule to apply, the evidence presented must be so unbelievable, incredible, or improbable that no reasonable person could ever reach a guilty verdict based upon that evidence alone." *Id.* The incredible dubiosity rule applies only in limited circumstances where there is: 1) a sole testifying witness; 2) testimony that is inherently contradictory, equivocal, or the result of coercion; and 3) a complete absence of circumstantial evidence. *Id.* at 756. If any one of these factors is absent, the rule does not apply. *Id.* at 758.

[12]     ████ argues that K.H.'s trial testimony was incredibly dubious because it was inconsistent with pre-trial statements she made to police and medical personnel.[4] However, where a witness's trial testimony is inconsistent with pre-trial statements, the testimony is not necessarily incredibly dubious. *See Murray v. State*, 761 N.E.2d 406, 409 (Ind. 2002).

[13]     In this case, the incredible dubiosity rule is inapplicable because the State presented circumstantial evidence to support the jury's verdict. On the night of the incident, K.H. called the police.[5] An officer testified that when he arrived that night, K.H. was visibly upset, crying, and rubbing her face. The State introduced photos showing swelling on K.H.'s face, scratches on her neck, and bruises on her arms. A nurse testified that in the course of treating K.H., K.H. said she had been kicked in the face by her boyfriend and felt safe now that her boyfriend was in jail. K.H. was prescribed hydrocodone for her jaw pain.

[14]     The incredible dubiosity rule therefore cannot serve as grounds for overturning the jury's verdict. "It is for the trier of fact to resolve conflicts in the evidence and to decide which witnesses to believe or disbelieve." *Kilpatrick v. State*, 746

---

[4] K.H.'s trial testimony was internally consistent. She stated that she and ████ argued on August 8, 2014 and physical contact occurred, but denied that ████ touched her in a rude, insolent, or angry manner. She testified that ████ accidentally kicked her in the face and was merely trying to stop her from waking the children when he covered her mouth.

[5] Although the 911 call was introduced into evidence and published to the jury, neither a copy of the recording nor a transcript of the call were included in the record on appeal.

N.E.2d 52, 61 (Ind. 2001). As such, the jury was free to weigh K.H.'s trial testimony against the circumstantial evidence presented by the State.

[15] There was sufficient evidence to support ████████ conviction.

## Sentence

[16] ████████ next argues that the trial court imposed an illegal sentence that exceeded the statutory cap for a Level 6 felony. A trial court cannot impose a sentence that does not conform to the mandate of the relevant statute. *Lane v. State*, 727 N.E.2d 454, 456 (Ind. Ct. App. 2000), *trans. denied*. "A sentence that is contrary to or violative of a penalty mandated by statute is illegal in the sense that it is without statutory authorization." *Id*. A sentence that exceeds statutory authority constitutes fundamental error and may be corrected at any time. *Id*.

[17] Under Indiana Code section 35-50-2-7(b), a person who commits a Level 6 felony shall be imprisoned for a fixed term of between six months and two and one-half years, with the advisory sentence being one year. In relevant part, the trial court sentenced ████████ as follows:

> I am going to sentence you to two years in the Indiana Department of Corrections [sic]; however, ████████ pursuant to your counsel's request, I will suspend that time. I will place you on active adult probation for a period of two years with the following conditions: You must attend the Center for Non-Violence and that's no tolerance. You'll be placed on six months of community control. That's an ankle bracelet. The Court will consider early termination of the community control

after four months after being on the ankle bracelet if you show absolute compliance.

(Sentencing Tr. 21.) The judgment of conviction lists ████ sentence as "2 years suspended" and "placed on active adult probation 2 years." (App. 81.)

[18] ████ interprets the court's community control placement as a six-month order of home detention. He then argues that because a person confined on home detention generally earns one day credit time and one day good time credit for each day spent on home detention, *see* I.C. §§ 35-38-2.5-5(e)-(f), "a sentence that includes six (6) months of Community Control Home Detention as a condition of probation is effectively an added one (1) year executed sentence." (Appellant's Br. 15.)

[19] Our review of the trial court's oral sentencing order indicates that ████ six-month community control placement is to be served as part of, not in addition to, his two-year probation. It also appears that ████ misunderstands the effect of credit time, which reduces the length of a sentence rather than increases it.

[20] ████ two-year suspended sentence does not exceed the statutory cap of two and one-half years.

# Conclusion

[21] There was sufficient evidence to support ████ conviction. ████ sentence was not illegal.

Affirmed.

Baker, J., and Mathias, J., concur.