## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 16 2017, 8:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alexander L. Hoover
Law Office of Christopher G. Walter, P.C.
Nappanee, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Armando Gonzalez, Jr.,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

May 16, 2017

Court of Appeals Case No. 20A03-1608-CR-2110

Appeal from the Elkhart Circuit Court

The Honorable Terry C. Shewmaker, Judge

Trial Court Cause No. 20C01-1311-FB-131

**May, Judge.**

Armando Gonzalez, Jr., appeals the sentence he received following our remand for him to be resentenced. As Gonzalez has not demonstrated the sentence imposed by the trial court is "illegal," (Appellant's Br. at 4), we affirm.

## Facts and Procedural History

When Gonzalez's case was before us in 2016, we explained:

> The State charged Gonzalez with five Class B felonies: robbery while armed with a deadly weapon, burglary, criminal confinement, conspiracy to commit burglary, and unlawful possession of a firearm by a serious violent felon. A jury found Gonzalez guilty of the first four charges. In a second stage of the trial, the court found Gonzalez guilty of unlawful possession of a firearm by a serious violent felon.
>
> On March 12, 2015, over the State's objection, the trial court reduced the robbery and criminal confinement convictions to Class C felonies because of double jeopardy concerns. It sentenced Gonzalez to eight years for each Class C felony and ordered the sentences served consecutively, for a total of sixteen years. The trial court then sentenced Gonzalez to fifteen years for each Class B felony to be served consecutively, for a total of forty-five years. Gonzalez's aggregate sentence was sixty-one years.

*Gonzalez v. State*, No. 20A03-1504-CR-133, slip op. at *2 (Ind. Ct. App. Jan. 12, 2016) (footnotes omitted).

Gonzalez challenged the order that he serve three of his sentences consecutively, and the State cross-appealed the court's decision to reduce

Gonzalez's convictions of robbery and criminal confinement to Class C felonies. *Id*. at *1. We did not address Gonazalez's issue. Instead, we remanded for resentencing after addressing the State's cross-appeal:

> The trial court erred when it reduced Gonzalez's conviction for robbery and criminal confinement from Class B to Class C felonies based on double jeopardy concerns. Accordingly, we remand for resentencing with the convictions of robbery and criminal confinement as Class B felonies.

*Id*. at *3 (footnote omitted).

[4] On remand, the trial court held a hearing, at which no new evidence was submitted, and resentenced Gonzalez for five Class B felony convictions. The court ordered Gonzalez to serve consecutive sentences of fifteen years for robbery, sixteen years for burglary, ten years for confinement, ten years for conspiracy to commit burglary, and ten years for possession of a firearm by a serious violent felon. Thus, Gonzalez's aggregate sentence was again 61 years.

# Discussion and Decision

[5] In his Summary of Argument, Gonzalez asserts

> the trial court then modified the length of the sentence on [robbery] and [confinement] without any direction from the Court of Appeals and without any further evidence being admitted. This clearly was error. While it was necessary for the trial court to follow the directive of the Court of Appeals to amend [those counts] to Class B Felonies, there was no discernible reason to modify the length of the sentences . . . .

(Appellant's Br. at 6.)

[6] First, contrary to Gonzalez's argument, our opinion did, in fact, give the trial court authority to modify the sentence lengths. We wrote that we were remanding "for resentencing with the convictions of robbery and criminal confinement as Class B felonies." *Gonzalez*, No. 20A03-1504-CR-133 at \*3. If we had wanted the trial court to simply enter a new order that called those crimes Class B felonies, as Gonzalez asserts, we would have told the trial court to enter a new order without resentencing Gonzalez. *See, e.g.*, *O'Connell v. State*, 742 N.E.2d 943, 952 (Ind. 2001) (remanding for "a new sentencing order" because the original sentencing order did not explain the court's basis for the sentence).[1] But we did not use that language; we ordered the trial court to "resentenc[e]" him. *Gonzalez*, No. 20A03-1504-CR-133 at \*3.

[7] Second, we disagree "there was no discernible reason for the trial court to increase the sentence on [robbery] by seven (7) years and the sentence on [confinement] by two years." (Appellant's Br. at 10.) The discernible reason is that Gonzalez's convictions are now of Class B, rather than Class C, felonies. When Gonzalez committed his crimes in 2013, the sentencing range for a Class C felony was two to eight years, with the advisory sentence being four years,

---

[1] Gonzalez relies on *O'Connell* as a complete list of "the options available to a trial court when an appellate court sends a cause back to it for resentencing." (Appellant's Br. at 9.) However, the Supreme Court remanded O'Connell's case to the trial court for a new sentencing order that merely explained how the court arrived at O'Connell's sentence; the Supreme Court did *not* order O'Connell be resentenced. *See O'Connell*, 742 N.E.2d at 952-53. Thus, O'Connell does not control the extent of the trial court's authority when resentencing Gonzalez.

Ind. Code § 35-50-2-6 (2005), and the sentencing range for a Class B felony was six to twenty years, with the advisory sentence being ten years. Ind. Code § 35-50-2-5 (2005). The trial court, based on its weighing of the aggravators and mitigators, had imposed maximum sentences of eight years when the convictions were entered as Class C felonies, and it therefore makes sense that, when resentencing Gonzalez for crimes that were one felony class higher, the trial court would wish to impose sentences that were at or above the advisory sentence. *Cf. Lane v. State*, 727 N.E.2d 454, 457 (Ind. Ct. App. 2000) (when appellate court remanded for correction of Lane's sentence, because trial court had imposed a fifty-year presumptive sentence after statutory change had made the presumptive sentence only forty years, trial court was required to enter the presumptive sentence when resentencing, even though presumptive was ten years shorter).

[8]     Finally, Indiana law provides that

> on resentencing after the reversal of a conviction in a multicount proceeding, the trial court has "flexibility upon remand, including the ability to increase sentences for individual convictions without giving rise to a presumption of vindictive sentencing, so long as the aggregate sentence is no longer than originally imposed." In so holding, we explained that "a trial court is likely to view individual sentences in a multi-count proceeding as part of an overall plan, a plan that can be overthrown if one or more of the convictions is reversed or reduced in degree."

*Guffey v. State*, 42 N.E.3d 152, 163 (Ind. Ct. App. 2015) (internal citations omitted), *trans. denied*. If trial courts have the flexibility on remand to increase sentences for remaining convictions when one conviction has been reversed, *see also Hmurovic v. State*, 43 N.E.3d 685, 689 (Ind. Ct. App. 2015) (remanding to vacate conviction and resentence on the remaining conviction), it would be illogical to hold trial courts did not have the same flexibility after we required the trial court to enter certain convictions as more serious felonies.

[9] For all these reasons, we find no error in the trial court imposing a fifteen-year sentence for Gonzalez's conviction of Class B felony robbery and a ten-year sentence for Gonzalez's conviction of Class B felony criminal confinement. Accordingly, we affirm.

[10] Affirmed.

Najam, J., and Bailey, J., concur.