

**FILED**

Dec 23 2020, 8:45 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Lisa M. Johnson
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Harry C. Hobbs,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | December 23, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2819<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable Lisa F. Borges,<br>Judge<br><br>Trial Court Cause No.<br>49G04-9309-CF-119274 |

**Crone, Judge.**

## Case Summary

[1] In 1994, Harry C. Hobbs was convicted of class A felony rape, two counts of class A felony criminal deviate conduct, and class B felony burglary, and was sentenced to an aggregate term of 120 years. He challenged his convictions and sentence on direct appeal without success. He then petitioned for post-

conviction relief on his claim that his appellate counsel provided ineffective assistance by failing to argue on direct appeal that Hobbs should have been sentenced under a newly amended version of Indiana Code Section 35-50-1-2(a). The post-conviction court agreed, granted his petition, and remanded his case to the trial court to hold a new sentencing hearing and resentence Hobbs under the amended version of the statute. After holding an evidentiary hearing, the trial court resentenced Hobbs to an aggregate term of forty-five years and ordered his sentence to run consecutive to his sentences in two other causes.

[2] Hobbs now appeals the new sentencing order, contending that the trial court erred by ordering his new sentence to run consecutive to his sentences in two other causes. He asserts that the trial court lacked authority to order the sentences to run consecutively and that doing so violated constitutional prohibitions against ex post facto laws. We conclude that the trial court had authority to order his sentence to run consecutive to his sentences in the other causes and that it did not violate ex post facto prohibitions. Therefore, we affirm.

## Facts and Procedural History

[3] The facts underlying Hobbs's convictions were set forth in this Court's memorandum decision affirming his convictions as follows: "[On November 2, 1992,] Hobbs broke into the victim's house, held a gun to her head, inserted his fingers into her vagina, performed cunnilingus upon her, and raped her. In addition to the victim's testimony, Hobbs was identified by DNA evidence." *Hobbs v. State*, No. 49A02-9410-CR-614, slip op. at 2 (Ind. Ct. App. May 25,

1995) (*Hobbs I*). In September 1993, the State charged Hobbs with Count 1, class A felony rape; Count 2, class A felony criminal deviate conduct; and Count 3, class B felony burglary, and subsequently amended the charging information to add Count 4, class A felony criminal deviate conduct. A jury found Hobbs guilty as charged.

[4] On July 12, 1994, the trial court sentenced Hobbs to fifty years for Count 1, thirty years for Count 2, twenty years for Count 3, and fifty years for Count 4. The court ordered Counts 1 and 2 to run concurrent with each other and Counts 3 and 4 to run consecutive to each other and to Count 1, for an aggregate sentence of 120 years. Hobbs appealed his convictions and sentence, arguing that the evidence was insufficient to support his convictions, his convictions violated double jeopardy principles, and his sentence was manifestly unreasonable. This Court affirmed his convictions and sentence. *Id.*, slip op. at 7.

[5] On March 27, 2015, Hobbs filed a motion to correct erroneous sentence pursuant to Indiana Code Section 35-38-1-15,[1] which the trial court denied. He appealed, arguing that his sentence violated Indiana Code Section 35-50-2-4, as amended July 1, 1994, because the amended version limited the maximum term for a class A felony to forty-five years. He also argued that his aggregate

---

[1] "[A] motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority." *Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004).

sentence exceeded the limitation in Indiana Code Section 35-50-1-2, as amended effective July 1, 1994, because his crimes constituted an episode of criminal conduct. We concluded that under the doctrine of amelioration, Hobbs was entitled to be sentenced pursuant to the July 1, 1994 version of Section 35-50-2-4. *Hobbs v. State*, No. 49A04-1505-CR-314, 2015 WL 9286721, at *2 (Ind. Ct. App. Dec. 21, 2015) (*Hobbs II*), *trans. denied* (2016). We reversed his fifty-year sentences and remanded for them to be revised to forty-five-year sentences, but advised the trial court that it was permitted to rearrange Hobbs's sentences to effectuate a 120-year aggregate sentence because his 120-year sentence was not facially erroneous. *Id*. We also concluded that Hobbs's claim that his crimes constituted an episode of criminal conduct was inappropriate for a motion to correct erroneous sentence and declined to address it. *Id*. at n.3.

[6] In August 2016, the trial court conducted a resentencing hearing and reduced Hobbs's fifty-year sentences to forty-five years each, imposed sentences of fifteen years for each of the other two counts, and ordered each count to be served consecutively, for an aggregate sentence of 120 years. Hobbs appealed this new sentence, arguing that the aggregate sentence exceeded the limitation for consecutive sentences for offenses arising out of a single episode of criminal conduct pursuant to Indiana Code Section 35-50-1-2. Another panel of the Court agreed with *Hobbs II* that Hobbs's argument that his crimes constituted an episode of criminal conduct was not an appropriate claim for a motion to correct erroneous sentence. *Hobbs v. State*, 71 N.E.3d 46, 49 (Ind. Ct. App.

2017) (*Hobbs III*), trans. denied. Accordingly, the Court affirmed Hobbs's sentence. *Id*. at 50.

[7]     In April 2017, Hobbs filed a petition for post-conviction relief, arguing in relevant part that his appellate counsel in *Hobbs I* provided ineffective assistance by failing to argue that Hobbs's aggregate sentence exceeded the statutory maximum allowed under Indiana Code Section 35-50-1-2, as amended effective July 1, 1994, which was in effect when he was sentenced on July 12, 1994. In addressing Hobbs's claim, the post-conviction court found as follows:

> [T]he version of this statute, which became effective July 1, 1994, and remained in effect until July 1, 1995, imposed a previously nonexistent limitation upon the trial court's authority to impose consecutive sentences, and specifically provided:
>
>> (a) except as provided in subsection (b), the court shall determine whether terms of imprisonment shall be served consecutively or concurrently. The court may consider the aggravating and mitigating circumstances in I.C. 35-38-1-7.1(b) and [I.C.] 35-38-1-7.1(c) in making a determination under this subsection. The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. However, except for murder and felony convictions for which a person receives an enhanced penalty because the felony resulted in serious bodily injury if the defendant knowingly or intentionally caused the serious bodily injury, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under I.C. 35-50-2-8 and I.C. 35-50-2-10, to which the defendant is sentenced for felony

convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

a.   "Generally, the statute to be applied when arriving at the proper criminal penalty should be the one in effect at the time the crime was committed." *Bell v. State*, 654 N.E.2d 856, 858 (Ind. Ct. App. 1995).  ….  An exception to the general rule, however, is termed the doctrine of amelioration, and states that "a defendant who is sentenced after the effective date of a statute providing for more lenient sentencing is entitled to be sentenced pursuant to that statute rather than the sentencing statute in effect at the time of the commission or conviction of the crime.[" *Id*.] Limiting Hobbs' consecutive sentences to the presumptive sentence of the next highest felony would be a more lenient sentence than the sentence he is now serving; thus, he was entitled to receive the benefit of the 1994 version of I.C. 35-50-1-2.

[T]he parties are in agreement that appellate counsel was ineffective for not arguing that I.C. 35-50-1-2 applied to the crimes in the instant cause and imposed a limit on his consecutive sentences of the presumptive sentence for murder – the felony which is one class of felony higher than the most serious of the felonies for which Hobbs was convicted.

….

c.   Lastly, this Court finds that the appropriate remedy in granting post-conviction relief is to order a resentencing hearing in the instant cause.  [Hobbs] and the State both request a resentencing hearing as the proper remedy.

> This Court notes the extensive aggravating circumstances found by the original sentencing court as well as by this court during the sentence revision in 2016. The resentencing court pursuant to the granting of this post-conviction relief shall have the discretion to order that Hobbs' new sentencing order in the instant cause be served [consecutive] to Hobbs' other eligible sentences. …. The resentencing court may also consider new evidence that Hobbs wishes to present as potential mitigating evidence.

Appellant's Supp. App. Vol. 2 at 133-36 (some citations omitted). Accordingly, the post-conviction court granted Hobbs's petition for post-conviction relief as to his claim regarding appellate counsel's ineffectiveness and ordered a new sentencing order to be issued following a resentencing hearing. *Id*. at 136.

[8] In November 2019, the trial court held a resentencing hearing, and evidence was admitted. The trial court resentenced Hobbs to forty-five years each for Counts 1 and 4, and fifteen years each for Counts 2 and 3, all to run concurrently for an aggregate term of forty-five years. The trial court also ordered that his sentence would be served consecutive to Hobbs's sentences in cause numbers 49G01-9303-CF-30398 (Cause CF-30398) and 49G01-9303-31558 (Cause CF-31558) (collectively other causes). Hobbs appeals.

# Discussion and Decision

[9] Hobbs challenges only the portion of the sentencing order that directs his sentence to be served consecutive to the sentences in the other causes. He asserts that the trial court did not have authority to do so and that doing so violated constitutional prohibitions against ex post facto laws. These are

questions of law, which we review de novo. *Tyson v. State*, 51 N.E.3d 88, 90 (Ind. 2016).

[10] We begin by examining the relevant history of Indiana Code Section 35-50-1-2, which governs concurrent and consecutive sentences. This statute has been amended many times. When Hobbs committed his crimes, Section 35-50-1-2 (prior version) read,

> (a) Except as provided in subsection (b), the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.
>
> (b) If, after being arrested for one (1) crime, a person commits another crime:
>
> (1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or
>
> (2) while the person is released:
>
> (A) upon the person's own recognizance; or
>
> (B) on bond;
>
> the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

Pub. Law 330-1987 § 1. The prior version of the statute was interpreted to mean that a trial court had authority to impose consecutive sentences *only* when

it was contemporaneously imposing two or more sentences. *Wilkerson v. State*, 728 N.E.2d 239, 248 (Ind. Ct. App. 2000).

[11] In January 1994, in Cause CF-30398, Hobbs was sentenced to an aggregate term of fifty years. He was also sentenced in April 1994, in Cause CF-31558, to an aggregate term of sixteen and one-half years, to be served concurrent with the sentence in Cause CF-30398, and he has already served this sentence. Under the prior version, the trial court had no discretionary authority to order Hobbs's sentence to be served consecutive to the sentences in the other causes, *see id.*, and the mandatory provision of subsection (b) did not apply.

[12] On July 1, 1994, twelve days before Hobbs was sentenced, a new version of Section 35-50-1-2(a) became effective (amended version), which added new text after the first sentence. Subsection (b) was not altered. As discussed above, Hobbs was successful in arguing to the post-conviction court that the version of Section 35-50-1-2(a) in effect when he was sentenced should have been applied based on the doctrine of amelioration. *See Hellums v. State*, 758 N.E.2d 1027, 1028-29 (Ind. Ct. App. 2001) ("The doctrine of amelioration allows a defendant, who is sentenced after the effective date of a statute that provides for more lenient sentencing, to take advantage of the more lenient statute rather than be sentenced under the more harsh statute that was in effect when the defendant was charged or convicted.") (citing *Richards v. State*, 681 N.E.2d 208, 213 (Ind. 1997)). When Hobbs was sentenced, the amended version of subsection (a) read,

Except as provided in subsection (b), the court shall determine whether terms of imprisonment shall be served concurrently or consecutively. The court may consider the aggravating and mitigating circumstances in IC 35-38-1-7.1(b) and IC 35-38-1-7.1(c) in making a determination under this subsection. *The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time.* However, except for murder and felony convictions for which a person receives an enhanced penalty because the felony resulted in serious bodily injury if the defendant knowingly or intentionally caused the serious bodily injury, *the total of the consecutive terms of imprisonment*, exclusive of terms of imprisonment under IC 35-50-2-8 and IC 35-50-2-10, to which the defendant is sentenced *for felony convictions arising out of an episode of criminal conduct shall not exceed* the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

Pub. Law 164-1994 § 1 (emphases added). This amendment did three things: it authorized the trial court to consider aggravating and mitigating circumstances in determining whether to order concurrent or consecutive sentences; it authorized the trial court to order consecutive sentences even if it was not contemporaneously imposing two or more sentences; and it imposed a limitation on the total consecutive terms of imprisonment for convictions arising out of an episode of criminal conduct. Our supreme court has held that this amendment to subsection (a) "is clearly ameliorative." *Richards v. State*, 681 N.E.2d 208, 213 (Ind. 1997). The post-conviction court ordered the trial court to resentence Hobbs pursuant to this version of subsection (a). With this background in mind, we turn to Hobbs's arguments.

[13]     Hobbs first contends that the trial court lacked authority to order his sentence to be served consecutive to the sentences to the other causes, relying on *Lane v. State*, 727 N.E.2d 454 (Ind. Ct. App. 2000) (*Lane II*). In that case, Lane was convicted of murder. At his sentencing, the trial court found that the aggravating and mitigating factors balanced each other and imposed a term of fifty years, which is what the trial court believed was the presumptive sentence for murder. Lane appealed his sentence, and this Court concluded that the trial court had sentenced Lane pursuant to the wrong version of the applicable statute and that the relevant version set the presumptive sentence for murder at forty years. *Id*. at 455-56 (citing *Lane v. State*, No. 42A05-9802-CR-51, slip op. at 5 (Ind. Ct. App. Feb. 26, 1999) (*Lane I*), *trans. denied*). Accordingly, the *Lane I* court ordered the trial court to resentence Lane under the relevant version. *Id*. at 456. On remand, the trial court reevaluated the aggravating and mitigating factors and resentenced Lane to an enhanced sentence of fifty years. Lane appealed the new sentence, asserting that the trial court had no authority to modify a presumptive sentence after final judgment had been entered by reevaluating aggravators and mitigators.

[14]     In addressing this claim, the *Lane II* court provided the following analysis:

> We note initially that a judge cannot impose a sentence that does not conform to the mandate of the applicable statute(s). *Mitchell v. State*, 659 N.E.2d 112, 115 (Ind. 1995). A sentence that is contrary to or violative of a penalty mandated by statute is illegal in the sense that it is without statutory authorization. *Rhodes v. State*, 698 N.E.2d 304, 307 (Ind. 1998). A sentence that exceeds statutory authority constitutes fundamental error. *Id*. It is

subject to correction at any time. *Niece v. State*, 456 N.E.2d 1081, 1084 (Ind. Ct. App.1983).

Trial courts have the power and duty to correct an erroneously imposed sentence. *Lockhart v. State*, 671 N.E.2d 893, 904 (Ind. Ct. App. 1996). However, the power to correct extends only to the illegal portion of the sentence. *State ex rel. Public Service Comm'n v. Johnson Circuit Court*, 232 Ind. 501, 509, 112 N.E.2d 429, 432 n.3 (1953) (the rule in criminal cases is that, if judgment is in part beyond the power of the court to render, it is void as to the excess). Upon remand, the trial court is compelled to follow the mandate of the remand order. *Jordan v. State*, 631 N.E.2d 537, 538 (Ind. Ct. App. 1994).

We further note that a court has no [authority] to change a sentence after a judgment has issued. *Wilson v. State*, 688 N.E.2d 1293, 1295 (Ind. Ct. App. 1997). After a final judgment, a court retains only such continuing [authority] to alter a sentence as is permitted by the judgment itself, or as is given the court by statute or rule; thus, other than the power to reduce or suspend a petitioner's sentence as provided by Ind. Code § 35-38-1-17, a trial judge has no authority over a defendant after sentence has been imposed. *Beanblossom v. State*, 637 N.E.2d 1345, 1347-48 (Ind. Ct. App. 1994), *trans. denied*. Otherwise stated, barring a statutory grant of authority, the trial court's judgment is *res judicata* even as to the trial court.

In this instance, Lane's case was remanded to the trial court for a correction of the sentence. Although the trial court might have originally imposed an enhanced sentence, it did not do so. Instead, the court imposed a presumptive sentence after finding that the aggravating and mitigating factors offset each other. By the time of re-sentencing, the court was without authority to reweigh aggravating and mitigating factors. *See Jordan*, 631 N.E.2d at 538. As a result, *we conclude that the trial court erred in*

> *failing to follow the remand order* and impose a forty-year sentence
> upon Lane. *Id*.

*Id*. at 456-57 (emphasis added) (citations to footnote and the record omitted). The *Lane II* court reversed the enhanced sentence and remanded with instructions to impose the presumptive sentence of forty years. *Id*. at 457.

[15] Specifically, Hobbs contends that under *Lane II*, the trial court did not have authority to change the part of the original sentencing order requiring his sentence to be served concurrent with the sentences in the other causes because that aspect of the order was not illegal, and the trial court was permitted on remand to change only the illegal portion of his sentence. Appellant's Br. at 11-12. We disagree with Hobbs that the holding in *Lane II* dictates the result he seeks. *Lane II* is clearly distinguishable. The *Lane I* court concluded that the presumptive sentence of fifty years that had been imposed by the trial court was contrary to the applicable statutory presumptive sentence of forty years. On remand, the trial court was ordered to correct Lane's sentence pursuant to the applicable statute, but the trial court went beyond the authority provided to it by the *Lane I* court and imposed an enhanced sentence. The only aspect of the original sentencing order that needed to be corrected was to change the presumptive sentence from fifty years to forty years.

[16] In contrast, here, the amended version of Section 35-50-1-2(a) had been significantly altered from the prior version such that a new evidentiary hearing was required to apply it properly; that is, the trial court was authorized to consider aggravating and mitigating circumstances in determining whether to

order concurrent or consecutive sentences and to determine whether to order the sentence to be served consecutive to sentences in the other causes. In accordance with the new amendment, the post-conviction court remanded for a new sentencing hearing and advised that on remand Hobbs could present new potential mitigating evidence and that the trial court had the discretion to order Hobbs's sentence to be served consecutive to other eligible sentences. These circumstances are simply not the same as those in the *Lane* cases, which involved a mere ministerial alteration of a number. The State argues, and we agree, that the trial court was merely following the mandate of the post-conviction court to resentence Hobbs pursuant to the amended version of Section 35-50-1-2(a).

[17] Furthermore, Hobbs's contention that on remand a trial court may change only the illegal portion of the sentence is not categorically true. For example, In *Gootee v. State*, 942 N.E.2d 111 (Ind. Ct. App. 2011), *trans. denied*, another panel of this Court upheld the trial court's decision to modify the concurrent/consecutive treatment it had ordered when it originally sentenced Gootee even though the original treatment had not been illegal. *Id*. at 114. In Gootee's first appeal, this Court held that the trial court improperly sentenced Gootee in excess of the statutory maximum for his class C and class D felony convictions and improperly imposed a separate sentence for his status as a habitual offender. *Id*. at 112-13. This Court remanded the case to the trial court for resentencing in accordance with the statutory limits and for specification as to which conviction the habitual offender enhancement applied.

*Id.* at 113.  The trial court resentenced Gootee, reducing the sentences for the class C and D felonies but modifying the concurrent and consecutive scheme, which resulted in the same aggregate sentence.  *Id.*  Gootee appealed, contending that he was entitled to the same concurrent/consecutive treatment that he originally received.  *Id.*  This Court found that although the trial court applied a different concurrent and consecutive scheme, the new sentence was no harsher than the first, and therefore there was no error.  *Id.* at 114.

[18]     In *Greer v. State*, 680 N.E.2d 526 (Ind. 1997), our supreme court reversed Greer's attempted murder conviction to which a habitual offender enhancement was attached.  *Id.* at 526.  On resentencing, the trial court attached the habitual offender enhancement to Greer's robbery conviction and resentenced Greer for his robbery conviction. *Id.* at 526-27.  Greer appealed his resentencing.  Our supreme court held that the trial court on remand was not prohibited from revising the sentence for the surviving felony conviction to reflect the habitual offender enhancement.  *Id.* at 527-28.

[19]     In *Coble v. State*, 523 N.E.2d 228 (Ind. 1988), our supreme court ordered the trial court on remand to eliminate an erroneous thirty-year habitual enhancement and informed the trial court that its resentencing option included the possibility of increasing the underlying sentence.  *Id.* at 229.  On Coble's appeal after resentencing, our supreme court affirmed the trial court's change of the underlying sentence from two to eight years, citing the principle that any sentence permissible under the statute is appropriate.  *Id.*  The supreme court also upheld the trial court's decision to order that his sentences be served

consecutively, although the trial court had originally ordered the sentences to be served concurrently. *Id.* In so doing, the court explained, "When this Court set aside the sentence on Count II and ordered a remand, the trial court had the duty to reassess whether the new sentence on Count II would run consecutive to or concurrent with the existing sentence on Count I." *Id.* However, the supreme court also held that the trial court exceeded its authority in vacating the sentence on Coble's other conviction because it "was not directly affected by the habitual offender status" and "was a final judgment not subject to change upon remand." *Id.* at 228.

[20] Although these cases differ in some respects from the case at hand, they illustrate the dimensions of the trial court's authority to resentence on remand. Here, Hobbs's case was remanded for a comprehensive resentencing under the amended version of Section 35-50-1-2(a), which is what the trial court did. Accordingly, we reject Hobbs's argument that the trial court was without authority to order his sentence to be served consecutive to the other causes.

[21] Second, Hobbs asserts that the doctrine of amelioration applies only to the portion of the amended version that would result in a more lenient sentence, namely, the part of subsection (a) that limits sentences for convictions arising out of an episode of criminal conduct. He contends,

> To the extent that the 1994 amendments to Indiana Code § 35-50-1-2 would allow a more severe sentence in this case, Hobbs is entitled to be sentenced under the version that was in effect at the time of the offense. To hold otherwise would violate the ex post facto provision of Article One, Section Ten of the United States

Constitution and Article One, Section Twenty-four of the Indiana [Constitution].

Appellant's Br. at 14. According to Hobbs, the application of the part of amended version that authorizes the trial court to order consecutive terms of imprisonment, even if the sentences are not imposed at the same time, is not ameliorative, and therefore cannot be applied to him because it would be an illegal ex post facto law. *See Wallace v. State*, 905 N.E.2d 371, 377 (Ind. 2009) (an ex post facto law is one that "imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed."). In this regard, he argues that he should be sentenced under the prior version of subsection (a), thus seeking to be sentenced under both versions of the subsection.

[22] Hobbs cites no case law supporting the notion that the doctrine of amelioration should be applied in the way he advocates.[2] Here, the amendment to subsection (a) was drafted and adopted by the legislature as a whole and presumably was intended to be applied by the trial court in a comprehensive manner. As the State points out, by simultaneously expanding the trial court's authority to order consecutive sentences and limiting the total length of a

---

[2] In his reply brief, Hobbs cites *Winbush v. State*, 776 N.E.2d 1219, 1224-45 (Ind. Ct. App. 2002), *trans. denied* (2003), wherein the court stated, "The doctrine of amelioration allows a defendant to be sentenced under the more lenient provisions of a statute which is in effect at the time of sentencing rather than be sentenced under a more harsh statute in effect at the time the offense was committed." However, the case does not even address whether, when applying the doctrine of amelioration, we consider an amendment to a subsection as a whole or sentence by sentence.

sentence for convictions arising out of an episode of criminal conduct, the legislature balanced their effects.

[23] Under the prior version of subsection (a), the aggregate sentence Hobbs received for all three causes was 120 years. Under the amended version of subsection (a), applied as a whole, his aggregate sentence in the three causes is ninety-five years. He received a more lenient sentence under the amended version of subsection(a), and has received the ameliorative benefit of the amended version. His crimes in this case received no punishment in addition to what was permitted under the prior version, and therefore there is no violation of ex post facto provisions.

[24] Based on the foregoing, we conclude that the trial court did not err by ordering Hobbs's sentence to be served consecutive to his sentences in the other causes pursuant to the amended version of Section 35-50-1-2(a) in effect when he was sentenced. Therefore, we affirm his sentence.

[25] Affirmed.

Najam, J., and Riley, J., concur.